## BULLARD v. YOUNG.

A. undertook to carry certain flour for B. to a certain place, and having deposited it by the way, by mistake, part of the flour was taken from there by C.  B. refusing to receive part only, C. received the remainder and paid A. for the whole.  This amounts to a conversion by A., for which B. can maintain trover against him.

In the Circuit Court of Shelby county, Allen Bullard brought an action of trover, against Smith L. Young, for

JULY 1830.

Bullard.
v.
Young

the conversion of a certain quantity of flour, received by him of the plaintiff. The case was tried at the spring term, 1827, when it was shewn in evidence, as appears from the bill of exceptions, that the plaintiff delivered to the defendant, 357 lbs. of wheat flour, which he was to carry and re-deliver at the plaintiff's residence, in Montevallo; that the defendant left it at one Shelly's, from which place, one Taylor took one half of it, by mistake, believing it his own; that the remaining half was sent by the defendant to the plaintiff, who refused to receive it without the other, upon which refusal Taylor took it also, and paid the defendant four dollars per hundred for both parcels, which payment the defendant admitted. Upon these facts, the plaintiff requested the instruction, that it was a conversion in law, and that the defendant was responsible to the plaintiff for the value of the whole, but the Court refused, and charged the jury that it was not a conversion, and that the defendant was not liable to the plaintiff in this action. To this opinion Bullard excepted, and assigns it for error in this Court.

Peck, for the plaintiff in error. Young undertook to deliver the flour at Montevallo, but instead of this, he left it at Shelly's; this was most clearly a conversion. [a] If a carrier deliver goods by mistake, to a third person, it is a conversion. [b] But here the flour was left voluntarily and without mistake, in violation of the undertaking. The Court below decided no doubt under the impression that the action should have been *case* and not trover, but trover is a proper remedy. The true doctrine on this subject is given in *Sargeant v. Blount*, [c] and in *Cairnes and Lord v. Bleecher.* [d] No demand was necessary in this case. [e] It is no objection that it is not shewn that the defendant was to be paid a stipulated price for the conveyance, [f] because he may always recover a compensation on a *quantum meruit.*

[a] 4 T. R. 260, 264. 15 Johnson's R. 39. 10 John. 180.
[b] Starkie on Ev. 3rd vol. 1493, and the cases there cited. Lex Mer. Americana 174.
[c] 16 Johnson 74.
[d] 12 Johnson 300.
[e] 8 Johns. R. 445. 1 Johnson's cases 416.
[f] Lex Mercatoria Americana 177.

Mardis, contra.

BY JUDGE WHITE. Young was a bailee or carrier, who undertook to deposite the flour at a particular place for the plaintiff. This he did not do, but wilfully and of his own accord left it at another place whence it was innocently taken by a third person, who paid him, the defendant, for it. In first Chitty on pleading, page 159,

JULY 1830

Bullard.
v.
Young

it is said "that when a carrier by mistake delivers goods to a wrong person, trover will lie, though it would be otherwise if they had been lost by accident." See also 3d Starkie 1493 to the same point. In the present case, even the apology of a mistake is not pretended. Then the conversion was more clearly made out than the authorities require. Had it been a mere act of *nonfeasance*, or negligence, the redress should have been sought by an action on the case, or assumpsit.[a] But it was a positive act, inconsistent with the undertaking of the defendant, and which tended directly to the injury of the plaintiff. This, by the authorities cited, and others which might be referred to, was undoubtedly a conversion, and the charge of the Court below was therefore erroneous. The judgment must be reversed and the cause remanded.