[Louisville & Nashville R. R. Co. v. Barkhouse ]


# Louisville & Nashville R. R. Co. *v.* Barkhouse.

### *Action of Trover.*

1. *Bill of lading not transferrable by delivery.*—Possession of a bill of lading by one other than the consignee, without indorsement, does not justify the del very of the consignment to such person.

5. *Custom can not dispense with consignee's indorsement.*—A custom on the part of a carrier or of carriers generally at a ɩ articular place to deliver goods to one other than the consignee, who merely holds the bill of lading without any indorsement, does not justify such delivery.

3. *Trover proper remedy for wrong delivery of carrier.*—Trover is the proper remedy in case of delivery of property by a common carrier through mistake to a person not entitled thereto.

Appeal from the City Court of Montgomery.

Tried before the Hon. Thomas M. Arrington.

This was an action of trover brought by M. W. Barkhouse, against the Louisville & Nashville Railroad Company, and Chandler Bros.; and sought to recover damages for the wrongful conversion of certain property described in the complaint. There was judgment for the plaintiff against the Louisville & Nashville Railroad Company, and the appeal is taken by it. The evidence was uncontroverted that the plaintiff delivered to the L. & N. Railroad Co. at Louisville, certain articles which had been consigned by bill of lading to Chandler Bros. Among the articles so shipped was a bundle of iron piping. After the arrival of these articles in Montgomery, Chandler Bros. endorsed on the bill of lading the following order addressed to the agent: "Please deliver to Mr. Posey all the goods on this bill of lading except the iron pipe." On the delivery and surrender of this bill of lading thus endorsed the bundle of iron piping was delivered, together with the other goods, to Posey. The other articles, for the wrongful conversion of which this suit was brought, were delivered to said Posey by the railroad company, upon the delivery by him to said company of another bill of lading, which bill of lading had no endorsement thereon, and which recited that Chandler Bros. were the consignees.

The court at the request of the plaintiff gave the following charge: "If the jury believe the evidence they must find for the plaintiff as against the railroad company." To the

giving of this charge the defendant duly excepted. At the request of Chandler Bros. the court gave the general affirmative charge in their behalf.

CHARLES P. JONES, for the appellant.

LESTER C. SMITH, for the appellee.—The court properly gave the affirmative charge for plaintiff. The plaintiff's right to sue is apparent from the facts stated. Hutcheson, Car. §§ 722, 724. When a common carrier by *mistake* delivers goods to the wrong person, trover will lie.—Schouler Bail & Car. pp. 495, 496; *Bullard v. Young*, 3 Stew, 46; *Ala. & Tenn. River R. R. v. Kidd*, 35 Ala. 209; Hutcheson Car. § 130 *et seq.* § 340 *et seq.* The possession of the bill of lading without endorsement is no defense.—Hutcheson, § 344; 2 Am. & Eng. Ency. Law, pp. 884, 886, 888. The liability of appellant as carrier had not ceased when the goods were delivered. Code, 1180. No custom can be shown to relieve one of a statutory duty.

McCLELLAN, J.—A bill of lading does not pass by delivery, and the possession of it by one other than the consignee, without endorsement, will not authorize or justify the carrier in delivering the consignment to such person. Hutcheson on Carriers § 344; 2 Am. & Eng. Encyc. of Law, 241

The obligation to deliver only to the party having title to the bill of lading is imposed by law on the carrier, and is absolute. Any custom of a particular carrier, or of carriers generally at a particular place, to make deliveries to persons merely in possesion of the bill of lading is a bad custom, and cannot be adduced in evidence to exempt such carrier or carriers from liability for deliveries to wrong persons.

Trover is the proper action where there has been a delivery of property by a common carrier to a person not entitled to it, by mistake : such wrongful delivery is a conversion.—*Bullard v. Young*, 3 Stew. 46; *Ala. & Tenn. River R. R. Co. v. Kidd*, 35 Ala. 209.

The evidence in this case is without conflict to the effect that the defendant company, having in its possession, as a common carrier, goods consigned to Chandler Brothers, delivered them to one Posey, who happened to have the bill of lading therefor in his possession, without endorsment by the consignees, and that the defendant, upon demand made, failed and refused to deliver said goods, or to pay the value of the same to the plaintiff, to

[Davis v. McCary & Dean.]

whom they belonged. This evidence if believed by the jury, entitled the plaintiff to a verdict; and the court prop-- erly gave the affirmative charge with hypothesis in his favor.

And its judgment is
Affirmed.