(85 South. 882)

DAVIS v. HINES, Director General of
Railroads. . (6 Div. 653.)

(Court of Appeals of Alabama. May 18,
1920.)

1. CARRIERS ⟨⟩86—BILL OF LADING DOES NOT
PASS BY DELIVERY.

A bill of lading does not pass by delivery,
and the possession of it by one other than the
consignee, without indorsement, will not justify
carrier in delivery of consignment to such per-
son.

2. CARRIERS ⟨⟩86—DUTY TO DELIVER TO
RIGHT PERSON ABSOLUTE.

The obligation to deliver only to the party
having title to the bill of lading is imposed by
law on the carrier, and is absolute.

3. EVIDENCE ⟨⟩370(2)—RECEIPT FOR CON-
SIGNMENT IMPROPERLY ADMITTED, WHERE
SIGNATURE DENIED.

In action against carrier for delivery of con-
signment to wrong person, a receipt taken on
delivery of consignment, purported to be signed
by plaintiff, was improperly admitted in evi-
dence, where defendants' witness testified that
signatures to receipt and original bill of lading
were unlike, and plaintiff denied signature to
receipt.

4. CARRIERS ⟨⟩82—CUSTOM TO SHOW CAR-
RIER DELIVERED TO ONE IN POSSESSION OF
BILL OF LADING CANNOT BE SHOWN.

Any custom of a particular carrier or of
carriers generally at a particular place to make
deliveries to persons in possession of a bill of
lading is a bad custom, and cannot be adduced
in evidence to exempt carrier from liability for
deliveries to wrong persons.

5. CARRIERS ⟨⟩94(3) — EVIDENCE HELD TO
SHOW THAT DELIVERY OF CONSIGNMENT WAS
NOT MADE TO PLAINTIFF.

In action against carrier for failure to de-
liver consignment to title holder of bill of
lading, evidence held to authorize affirmative
charge for plaintiff.

6. CARRIERS ⟨⟩94(4)—VALUE OF CONVERTED
PROPERTY WITH INTEREST, MEASURE OF
DAMAGES.

Measure of damages for failure of carrier
to deliver consignment to owner of bill of lad-
ing is value of property at time of conversion
with interest to the time of trial.

Appeal from Circuit Court, Jefferson Coun-
ty; J. C. B. Gwin, Judge.

Action by Susie Davis against Walker D.
Hines, as Director General of Railroads oper-
ating the Louisville & Nashville for damages
for the conversion of certain household
goods. Judgment for defendant, and plain-
tiff appeals. Reversed and remanded.

Pinkney Scott, of Bessemer, for appellant.

Habit, act, or custom cannot control, and
it is error to introduce it. 61 Ala. 247; 80
Ala. 51. There was a clear case of conver-

sion. 35 Ala. 220; 202 Ala. 640, 81 South.
582. The plaintiff, therefore, was entitled to
a directed verdict.

Huey & Welch, of Bessemer, for appellee.
Counsel discuss the assignments of error,
but without citation of authority.

MERRITT, J. [1] The suit in this case
was in trover, for the conversion by the de-
fendant of certain personal property, which
property was delivered by the plaintiff to de-
fendant's agent at Fleming, Ky., to be ship-
ped by freight to the plaintiff at Bessemer.
The carriage and delivery of the freight at
Bessemer, Ala., was unquestioned, but the
suit grows out of the fact that the same ap-
pears to have been delivered by defendants
at Bessemer to some other than the plaintiff.
The testimony on the part of the plaintiff
was without dispute that she called at de-
fendant's depot several times for her freight
before and after the inferential delivery, and
we use this term for the reason that there
is a total want of testimony on the part of
defendant to show to whom this property
was delivered; its witness saying she did not
know if it was delivered to a man or woman.
The testimony of plaintiff shows that there
had been made no delivery of the property
to her; that she had demanded it, and the
value of the same. Over plaintiff's objection,
the defendant introduced a receipt for the
goods, purporting to be signed by the plain-
tiff, and the plaintiff denied receiving the
goods or signing the receipt, and it was not
shown that any one had authority to receive
and receipt for the goods other than the
plaintiff. A bill of lading does not pass by
delivery, and the possession of it by one other
than the consignee, without indorsement, will
not authorize or justify the carrier in deliv-
ering the consignment to such person.
Hutchinson on Carriers, § 344.

[2, 3] The obligation to deliver only to the
party having title to the bill of lading is im-
posed by law on the carrier, and is absolute.
L. & N. R. R. v. Barkhouse, 100 Ala. 543, 13
South. 534. The witness for the defendant,
in speaking of the signature of the plaintiff
to the receipt and the original bill, said they
were unlike; that she had no recollection as
to who presented the bill of lading. It was
clearly error to have permitted the introduc-
tion of this receipt, or expense account. The
defendant, over the objection of the plain-
tiff, sought to show that it had always been
its custom for the original bill of lading to
be surrendered at the time of delivering the
goods. This was error.

[4] Any custom of a particular carrier, or
of carriers generally at a particular place, to
make deliveries to persons in possession of a
bill of lading, is a bad custom, and cannot
be adduced in evidence to exempt such car-

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

rier, or carriers, from liability for deliveries to wrong persons. L. & N. R. R. v. Barkhouse, supra.

[5, 6] The plaintiff in this case was entitled under the testimony to the general affirmative charge as requested in writing, the plaintiff being entitled to recover the value of the property at the time of conversion, with interest to the time of trial.

The judgment is reversed, and the cause remanded.

Reversed and remanded.