(87 South. 527)

## BLACK v. STATE. (7 Div. 103.)

(Supreme Court of Alabama. Feb. 3, 1921.)

**1. Intoxicating liquors ⬅248—Bill to condemn automobile which did not describe liquors held sufficient.**

Though Acts 1915, p. 31, defines prohibited liquors and beverages, a bill seeking condemnation of automobile alleged to have been used for transportation of prohibited liquors and beverages is sufficient, and not too general, though not averring whether they were spirituous, malt, or vinous.

**2. Intoxicating liquors ⬅247—Automobile of one who carried liquor in coat as personal remedy may be forfeited.**

Where plaintiff, for the sake of his infirmity, asthma, carried liquor in his coat while driving his automobile, the automobile nevertheless may be forfeited; prohibited liquor in any event being transported in the automobile.

Appeal from Circuit Court, De Kalb County; W. W. Harralson, Judge.

---

Bill by the State of Alabama to condemn one Ford automobile, because used in the transportation of prohibited liquor. From a decree of condemnation, Walter Black, claimant and owner, appeals. Affirmed.

C. A. Wolfes, of Ft. Payne, for appellant.

Counsel discuss the errors assigned, but cite no authority in support thereof.

J. Q. Smith, Atty. Gen., for the State. No brief came to the Reporter.

SAYRE, J. Appellant's Ford automobile was condemned because it had been used for the transportation of prohibited liquor in this state.

[1] The bill or petition averred that appellant's automobile had been used by defendant "for the purpose unlawfully and illegally conveying or transporting prohibited liquors or beverages." The statute (Acts 1915, pp. 1, 31) defines "prohibited liquors and beverages," and we think the designation of the liquor charged to have been transported in appellant's automobile was sufficient—not too general—notwithstanding the bill failed to aver whether it was spirituous, vinous, malt, or what not within the definition of the statute.

[2] The evidence made out the state's case, and the fact that appellant was a "nice man," not a "bootlegger," and carried the liquor in his coat pocket for the sake of his oft infirmity, asthma—all which, it may be conceded, appellant proved by a weight of testimony which should have satisfied the trial court—could avail appellant nothing under the law of this state, since, nevertheless, he transported his liquor in his automobile.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.