(90 South. 138)

## POWELL v. STATE. (8 Div. 780.)

(Court of Appeals of Alabama. April 5, 1921.)

1. States ⊂⊃4—State law enacted under reserved power not invalidated by federal act unless there is actual repugnancy.

A state law enacted under any of the reserved powers is not to be set aside as inconsistent with an act of Congress, unless there is actual repugnancy or a conflict between the act of Congress with that of the state.

2. Intoxicating liquors ⊂⊃13, 132—State statutes not invalidated by Eighteenth Amendment and Volstead Act unless repugnant thereto.

State laws relating to intoxicating liquor are not invalid by reason of Const. U. S. Amend. 18, and the Volstead Act unless so repugnant thereto as to defeat the purpose thereof, though the state statutes provide additional or different means to effectuate such purpose.

3. Intoxicating liquors ⊂⊃13, 132 — State law held not to conflict with Eighteenth Amendment and Volstead Act.

Statute making it unlawful to accept the delivery of, or to receive, have in possession, or possess prohibited liquors in any quantity whatsoever *held* not to conflict with Const. U. S. Amend. 18 and the Volstead Act.

Appeal from Circuit Court, Madison County; Robert C. Brickell, Judge.

Wesley Powell was convicted of violating the prohibition law, and he appeals. Affirmed.

R. E. Smith, of Huntsville, for appellant.

Brief of counsel did not reach the Reporter.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

There is nothing in the proposition that the state statute is superseded by the Volstead Act and the Eighteenth Amendment. 236 Mass. 281, 128 N. E. 273, 10 A. L. R. 1568; (D. C.) 265 Fed. 950; 144 Minn. 342, 175 N. W. 683; 144 Minn. 337, 175 N. W. 685; 148 La. 31, 86 South. 602.

BRICKEN, P. J. This appellant was convicted for violating the prohibition law, the specific charge being that he had in his possession, since the 25th day of January, 1919, spirituous, vinous or malt liquors contrary to law. The evidence disclosed without dispute that on the 22d day of August, 1920, in Madison county, Ala., the defendant had in his possession two gallons of whisky.

There are in effect two questions raised on this appeal; the first being, Has the adoption of the Eighteenth Amendment to the federal Constitution and the subsequent passage of the National Prohibition Law by Congress (the law known as the Volstead Act [41 Stat. 305]) superseded the legislation of the state for the suppression of the evils of intemperance?

Should this question be answered in the affirmative, the effect of such holding would be that the state courts would have no authority to try offenders for any violation of the prohibition laws, and that the jurisdiction has been vested solely in the federal courts. However, this question has been many times decided adversely to the contention of the defendant, not only in this state, but in the courts of practically every state in the Union and by the Supreme Court of the United States. Andrew Jones v. State (8 Div. 824) 90 South. 135;[1] Robert Ewing v. State, 90 South. 136;[2] Will Ricketts v. State, post, p. 162, 90 South. 137. In the Jones Case, supra, the court said:

"There is no merit whatever in the contention of the defendant that the circuit court of Franklin county was without jurisdiction to try this case, and that the federal courts alone, since the adoption of the prohibition amendment to the federal Constitution and the passage of the National Prohibition Act, commonly known and called the Volstead Act, had sole jurisdiction. Without elaboration of the question, it is sufficient to say that since the adoption of the amendment and the act. in question both federal and state courts have jurisdiction in cases of this character; the power in said courts being 'a concurrent power' as is expressly provided."

See, also, Rhode Island v. Palmer, 253 U. S. 350, 40 Sup. Ct. 486, 588, 64 L. Ed. 946; Com. v. Nickerson, 236 Mass. 281, 128 N. E. 273, 10 A. L. R. 1568; Ex parte Ramsey (D. C.) 265 Fed. 950; State v. Hosmer, 144 Minn. 342, 175 N. W. 683; City of Shreveport v. Marx, 148 La. 31, 86 South. 602.

[1] Post, p. 116.        [2] Post, p. 166.

The words "concurrent power," as used in the constitutional amendment giving such power of enforcement to Congress and the states, is held by the United States Supreme Court, in Rhode Island v. Palmer, supra, to not mean a joint power, nor to require that congressional legislation thereunder shall be approved or sanctioned by individual states before becoming effective, nor to authorize Congress or the states to defeat or quash the prohibition contained in section 1, but only to provide appropriate means for its enforcement.

In the case of Com. v. Nickerson, supra, the Supreme Court of Massachusetts, in discussing what is meant by "concurrent power," said:

"We are of the opinion that the word 'concurrent' in this connection means a power continuously existing for efficacious ends to be exerted in support of the main object of the amendment and making contribution to the same general aim according to the needs of the state, even though Congress also has exerted the power reposed in it by the amendment by enacting and enforcing legislation operative throughout the extent of its territory."

[1, 2] It therefore clearly appears that unless the state legislation is in direct conflict to that of the federal legislation, on the same subject, it is not superseded or repealed by federal legislation. In other words, the well-established rule is that a state law enacted under any of the reserved powers is not to be set aside as inconsistent with an act of Congress, unless there is actual repugnancy or a conflict between the act of Congress with that of the state. It is manifest that the purpose of the Eighteenth Amendment to the federal Constitution and the Volstead Act is the enforcement of prohibition, and only such state legislation as might tend to defeat that purpose would produce such conflict as would render the latter inoperative and ineffective under the principles stated. However, any state law which had as its purpose, and the effect of which would be, to aid in its accomplishment, could not be said to impede either the Eighteenth Amendment to the Constitution or the act of Congress in connection therewith, passed subsequent to the adoption of the amendment, although the state statute might provide additional or different means as to the common end. If this were not true, the clause giving concurrent power to the state to enforce the amendment would be meaningless. In other words legislation by the state need not be identical with that of Congress. While it is true that the state cannot authorize that which is forbidden by Congress, yet the state, in the exercise of the concurrent power, need not denounce every act committed within its boundaries which is included within the inhibition of the national prohibition law, nor need it provide the same

penalties therefor. On the other hand, the state may forbid, and provide penalties for acts not prohibited by the act of Congress, provided such legislation is directed to the common purpose of the enforcement of the amendment and the National Prohibition Act. And such state enactments are valid, and can in no manner be deemed to be in conflict with said amendment or the enforcement act passed by Congress; but in thus exercising the concurrent power expressly granted are valid and of full force and effect. Existing laws at the time of the adoption of the federal amendment and the passage of the National Prohibition Act, which are of that character are not suspended, repealed, or superseded by such national enactments, and must remain in full force and effect.

[3] The Alabama statute (Laws 1919, p. 7) for a violation of which this appellant was convicted, is as follows:

"That it shall be unlawful * * * (2) to accept the delivery of or to receive, have in possession, or possess in this state, any of said prohibited liquors and beverages as defined by this act or the existing laws of the state of Alabama, in any quantity whatsoever. * * *"

The second insistence is that this act is in conflict with the Eighteenth Amendment of the Constitution of the United States, and also in conflict with the Volstead Act, or Prohibition Enforcement Act passed by the Congress of the United States. However, what has been said herein clearly demonstrates that there is no merit in this contention, and that such insistence can avail the appellant nothing.

The questions here treated were properly and intelligently presented, and the rulings of the lower court thereon are in entire accord with the many adjudications of the courts of this and other states, and therefore free from error.

The judgment is affirmed.

Affirmed.