(90 South. 50)

### BOLTON v. STATE. (8 Div. 708.)

(Court of Appeals of Alabama. April 19, 1921.)

1. Indictment and information ⚫110(31) — Complaint in statutory language for unlawful possession of liquor is sufficient.

A complaint charging defendant with having received, accepted delivery, and had in possession spirituous, vinous, or malt liquor contrary to law, follows the language of Acts 1919, p. 7, § 2, and is sufficient.

2. Intoxicating liquors ⚫17 — Bone dry law is constitutional.

Acts 1919, p. 7, commonly called the "bone dry law" is constitutional.

3. Criminal law ⚫753(2)—Affirmative charge not given, where evidence is conflicting.

Where evidence was conflicting, but that for the state was ample to justify a conviction, the affirmative charge for defendant was properly refused.

Appeal from Circuit Court, Franklin County; C. P. Almon, Judge.

Thomas Perry Bolton was convicted of violating the prohibition law, and he appeals. Affirmed.

The complaint sufficiently appears. The demurrers make the point that it charges no offense, and the act under which it is brought is unconstitutional.

Travis Williams and W. L. Chenault, both of Russellville, for appellant.

Brief of counsel did not reach the Reporter.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The complaint was sufficient. 15 Ala. App. 24, 72 South. 511; 15 Ala. App. 218, 72 South. 776; 9 Ala. App. 51, 64 South. 168. There is nothing in the point that the act is unconstitutional. 204 Ala. 108, 85 South. 382, 10 A. L. R. 1589.

BRICKEN, P. J. [1] This prosecution originated in the county court of Franklin county, and from a judgment of conviction in that court the defendant appealed to the circuit court. He was there tried upon a complaint filed by the solicitor. This complaint originally contained two counts, but count 1 was stricken upon motion of defendant. Count 2 is as follows:

"The state of Alabama, by its solicitor, complains of Thomas P. Bolton that, within 12 months before the commencement of this prosecution, and subsequent to the 25th day of January, 1919, he did receive, accept delivery of, have in possession, or possess spirituous, vinous, or malt liquors contrary to law, against the peace and dignity of the state of Alabama."

This complaint follows the language of the statute (Acts 1919, p. 7, § 2) and is sufficient. The demurrers were properly overruled.

[2] The act of the Legislature under which this complaint was drawn is known as and commonly called the "Bone Dry Law." The insistence that said act is unconstitutional is without merit, and there was no error in the ruling of the court on this question. Dowda v. State, 203 Ala. 441, 83 South. 324; House

---

⚫For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

and Lot v. State, 204 Ala. 108, 85 South. 382, 10 A. L. R. 1589.

[3] The court refused to give the affirmative charge at the request of the defendant, and in this there was no error. The testimony was in conflict, and therefore presented a jury question. There was ample evidence offered by the state to justify a conviction of the defendant.

There was no error in any of the rulings of the court. The record is free from error. The judgment of the lower court is affirmed.

Affirmed.