(93 South. 55)

## NEWMAN v. STATE. (4 Div. 699.)

(Court of Appeals of Alabama.   April 4, 1922.)

Intoxicating liquors ⬳132—State law against making not suspended by act of Congress.

The state law (Acts 1919, p. 16, § 15) against making alcoholic liquor is not suspended by the act of Congress on the subject (Act Cong. Oct. 28, 1919).

Appeal from Circuit Court, Geneva County; H. A. Pearce, Judge.

Henry Newman was convicted of violating the prohibition laws, and he appeals.   Affirmed.

W. O. Mulkey, of Geneva, for appellant.

Brief of counsel did not reach the Reporter.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

There is no merit in the various contentions made by the defendant. Ante, p. 101, 90 South. 138; Ante, p. 124, 90 South. 50; 17 Ala. App. 579, 88 South. 205; section 7140, Code 1907.

BRICKEN, P. J.   The defendant was convicted for the offense, of distilling, making, or manufacturing alcoholic or spirituous liquors subsequent to January 25, 1919.   Upon the trial of this cause the evidence was without conflict that the acts complained of in the indictment were committed by the defendant.   Several witnesses thus testified, and, as before stated, there was no testimony to the contrary.

The defendant, however, requested the court in writing to give the general affirmative charge in his behalf, and made known to the court that the request was based upon the ground that the law under which the defendant was indicted (Acts 1919, p. 16, § 15) was suspended, so to speak, by the laws of Congress regulating this subject (41 Stat. 305). This presents the only material question raised, and as this court has held in the case of Powell v. State, 90 South. 138,[1] that there is no merit in this contention, we deem it sufficient, without further discussion, to affirm the judgment of conviction on authority of that case. Powell v. State, supra.

Affirmed.