(93 South. 375)

JOHNSON et al. v. STATE.  (4 Div. 670.)*

(Court of Appeals of Alabama.  April 11, 1922. Rehearing Denied May 9, 1922.)

1. Intoxicating liquors ⬤⇒210—Indictment charging possession and transportation of liquor held sufficient.

An indictment charging that defendants received, had in possession, and conveyed or transported over or along a public street or highway, spirituous, vinous, or malt liquors, or other prohibited liquors or beverages, contrary to law was sufficient.

2. Intoxicating liquors ⬤⇒132—State law not superseded by Volstead Act.

The state prohibition law is not superseded or suspended by the Volstead Act.

On Rehearing.

3. Indictment and information ⬤⇒110(31)—Indictment in statutory language need not allege liquor contained alcohol; "prohibited liquors"; "prohibited beverages."

Under Acts 1915, p. 31, § 31, the term "prohibited liquors or beverages" includes all liquors and beverages prohibited to be manufactured, sold, or otherwise disposed of, or any substitute for any of them, and is to be so understood when used in any judicial proceeding; hence a demurrer on the ground that it is not sufficient to allege that defendants possessed or transported prohibited beverages, but that it must be shown that the beverages contained alcohol, was properly overruled.

Appeal from Circuit Court, Coffee County; A. B. Foster, Judge.

Mack P. Johnson and Allen Cleghorn were convicted of violating the prohibition laws, and they appeal. Affirmed.

The indictment was as follows, omitting formal parts:

(1) Defendants sold, offered for sale, kept for sale, or otherwise disposed of spirituous, vinous, or malt liquors contrary to law.

(2) Defendants did receive, have in possession, or possess spirituous, vinous, or malt liquors or beverages contrary to law.

(3) Defendants did receive, have in possession, or possess spirituous or malt liquors, or other prohibited liquors or beverages, contrary to law.

(4) Defendants did convey or transport, over or along a public street or highway, spirituous, vinous, or malt liquors, or other prohibited liquors or beverages, contrary to law.

Demurrers to count 2 were sustained. No demurrers were interposed to count 1. The other demurrers are as follows:

(1) It is not shown that the beverages which it is charged that the defendants transported or possessed contained alcohol.

(2) It is not shown that the beverages which it is alleged that the defendants possessed or transported were made in imitation of, or intended as a substitute for, beer, ale, rum, gin, whisky, or any other alcoholic, spirituous, vinous, or malt liquors.

(3) It is no violation of the law to transport or possess a beverage.

(4) It is not sufficient to allege, as in the fourth count, that the defendants transported prohibited beverages, but the character or kind of beverage must be alleged or shown by the indictment.

(5) It is not sufficient that the indictment allege that the defendants received or possessed beverages, as in the third count, but the kind or character of beverage must be shown by the indictment.

(6) The law of the state of Alabama, under which this indictment in this case is found, has been superseded or suspended by the law of Congress known as the Volstead Act (41 Stat. 305), and fully covering the subject-matter involved.

The plea in abatement set up the same ground as the last ground of the demurrer.

W. O. Mulkey, of Geneva, and Farmer, Merrill & Farmer, of Dothan, for appellants.

Counsel insist that, under the prohibition statutes, the demurrers should have been sustained. They cite no other authority than the statutes themselves.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The court properly overruled the demurrers to the indictment as a whole, and to each count separately. Ante, p. 101, 90 South. 138; 87 South. 527.

BRICKEN, P. J. These defendants were indicted, tried, and convicted for violating the prohibition law. The indictment contained four counts. Demurrers were sus-

tained to count 2, and overruled to counts 3 and 4. No demurrer was interposed as to count 1 of the indictment. There is no bill of exceptions; the appeal being upon the record proper.

[1] The demurrers to counts 3 and 4 of the indictment were properly overruled, under the authority of Black v. State, 205 Ala. 277, 87 South. 527.

[2] The sixth ground of demurrer is not well taken, and the plea' in abatement, which raises the same question, is also without merit; this express question having been so decided by this court in Powell v. State, ante, p. 101, 90 South. 138.

Affirmed.

### On Rehearing.

[3] Under the statute (Acts 1915, p. 31, § 31), the term "prohibited liquors and beverages * * * shall include all liquors, liquids, and beverages now or hereafter prohibited by the law of the state to be manufactured, sold or otherwise disposed of, or any device or substitute for any of them, and shall also be so understood in any warrant, process, affidavit, complaint, indictment, judgment, decree or pleading in any judicial proceeding." Therefore the first, second, and fourth grounds of demurrer to the indictment were properly overruled. The fifth ground of demurrer is not well taken. Powell v. State (Ala. App.) 90 South. 138.[1] The third ground of demurrer is general in its nature, and does not raise the question upon which counsel for appellant base their argument on rehearing.

Application overruled.