(93 South. 66)

## LAYMAN v. STATE. (8 Div. 841.)

(Court of Appeals of Alabama. April 11, 1922.)

**1. Criminal law ⟲878(3)—Verdict of guilty under first count held acquittal under second count.**

Where defendant was indicted under two counts, a verdict of guilty under the first count operates as an acquittal of the charge in the second count.

**2. Criminal law ⟲1134(3) — Unnecessary to consider court's rulings on count under which defendant acquitted.**

Where defendant was acquitted under one count and convicted under another count, it is unnecessary to consider the court's rulings relating solely to the count under which defendant was acquitted.

**3. Intoxicating liquors ⟲209—Indictment for manufacturing held sufficient.**

An indictment charging that since January 25, 1919, defendant manufactured or distilled alcoholic, spirituous, etc., liquors was sufficient.

**4. Intoxicating liquors ⟲13, 132—State statute not superseded by Eighteenth Amendment and Volstead Act.**

The Alabama prohibition laws were not superseded by Const. U. S. Amend. 18, and the Volstead Act.

**5. Criminal law ⟲201—Prior pending federal charge for same offense not former jeopardy.**

A plea to an indictment for violating the state prohibition law that there was a charge pending against defendant in the federal court for the same offense held without merit, especially since it was not averred whether the alleged federal prosecution had terminated in an acquittal or conviction.

**6. Criminal law ⟲828—Not error to refuse affirmative charge, where no written request submitted.**

Where no written request was submitted, it was not error for the court to refuse to give a general affirmative charge, as, under Code 1907, § 5362, a court is without authority to charge on the effect of testimony, unless requested by a party.

**7. Criminal law ⟲753(1)—No error to refuse affirmative charge, where there was sharp conflict in evidence.**

Where there was a sharp conflict in the evidence, it was not error to refuse an affirmative charge.

**8. Intoxicating liquors ⟲236(19)—Evidence held sufficient to authorize conviction for manufacturing.**

Evidence that witnesses saw defendant engaged in manufacturing liquors in the county and state named, and within the time covered by the indictment, held sufficient to authorize conviction for manufacturing.

Appeal from Circuit Court, Madison County; Robert C. Brickell, Judge.

George Layman was convicted of violating the prohibition law, and he appealed. Affirmed.

Count 1 of the indictment charged that since January 25, 1919, the defendant did make, manufacture, or distill alcoholic, spirituous, etc., liquors. The second count charges that since September 30, 1919, the defendant possessed a still, etc., to be used in the manufacture of prohibited liquors and beverages. All the defendant's pleas set up that the offense was committed since the passage of the Eighteenth Amendment to the Constitution of the United States, and since the passage of the Volstead Act (41 Stat. 305), and that these had superseded the state law, except plea 7, which sets up that prior to the defendant's arrest upon this charge in this court he was arrested upon the same charge by federal officers, and that a charge based on the same offense is pending against him in the federal court of the northeastern division of the northern district of Alabama, and if the defendant is prosecuted in this court he will be put in double jeopardy.

R. E. Smith, of Huntsville, for appellant.

Brief of counsel did not reach the Reporter.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The demurrers to count 1 were properly overruled. 87 South. 527; ante, p. 124, 90 South. 50. The court properly sustained demurrers to the defendant's pleas. Ante, p. 101, 90 South. 138; ante, p. 218, 90 South. 36.

BRICKEN, P. J. [1, 2] The indictment preferred against this defendant contained two counts. He was found guilty under the first count, which operated as an acquittal of the charge against him in the second count, thereby rendering unnecessary a consideration of the questions presented on this appeal relating solely to the court's ruling upon the second count of the indictment.

[3] The demurrers to count 1 of the indictment were properly overruled under the following authorities: Black v. State, 205 Ala. 277, 87 South. 527; Bolton v. State, ante, p. 124, 90 South. 50, and cases cited.

[4] The pleas filed by defendant are without merit. They are directed to the contention that the Alabama prohibition laws were

⟲For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

superseded by the federal laws upon this subject. This question, however, has been decided adversely to this insistence in the case of Powell v. State, ante, p. 101, 90 South. 138, and cases cited.

[5] Nor is there any merit in plea No. 7. This ground of the plea was clearly subject to the demurrer interposed thereto. Moreover, it is not averred in this ground of the plea that the alleged prosecution in the federal court had terminated in an acquittal or conviction. The plea, as shown by the record, is faulty in other respects, but in no event could the insistence contained in this plea be taken as an answer to the indictment in the case at bar.

[6] The questions raised on the motion for a new trial are the same as those raised by the pleadings in this case, with the exception of ground 8 of the motion, in which it is insisted that:

"The court should have given the general affirmative charge as requested by the defendant."

Under the statute the court was without authority to charge upon the effect of the testimony, unless required to do so by one of the parties. Code 1907, § 5362. No written charges, as shown by the record, were requested by defendant. For this reason, as well as for other reasons to be mentioned, this ground of the motion could not prevail.

[7] But, aside from this, there was a sharp conflict in the evidence as to the charge contained in the first count of the indictment, the count under which the defendant was convicted, and, this being true, even if the general affirmative charge had been requested, its refusal would have been without error.

[8] There was ample evidence offered by the state which, if believed by the jury beyond a reasonable doubt, would warrant and authorize them in returning a verdict of guilty. As a matter of fact the state introduced two eyewitnesses, the tendency of whose evidence was to the effect that they actually saw the defendant, together with three other men, engaged in operating a still, and in the distilling, making, or manufacturing of whisky in Madison county, Ala., and within the time covered by the indictment. The defendant admitted that he was at the still at the time testified to by state witnesses, but by his own testimony and that of his witnesses strenuously insisted that he was not participating in the distilling, making, or manufacturing of the whisky in question, but insisted that he had been there at the still about 30 minutes when the officers came up, and that he had nothing to do with it at all. This sharp conflict in the testimony presented a question for the determination of the jury, and in the submission of this case to the jury, and in the rulings on the testimony, there appears no error of a reversible nature. The judgment of the circuit court is therefore affirmed; the record being also free from error.

Affirmed.