(93 South. 230)

## McCOY v. STATE. (4 Div. 769.)

(Court of Appeals of Alabama. May 9, 1922.)

**1. Criminal law ⬄95 — Eighteenth Amendment and Volstead Act held not to prevent state court from trying offenses for violating prohibition law.**

The Eighteenth Amendment to the federal Constitution and the Volstead Act do not prevent the state court from trying offenses for violating the prohibition law.

**2. Indictment and information ⬄87(1)—Indictment need not allege date of offense.**

An indictment for violating the prohibition law need not allege the date on which the offense was committed.

**3. Indictment and information ⬄33(1)—Indictment need not be signed by solicitor.**

An indictment for violating the prohibition law need not be signed by the solicitor.

**4. Intoxicating liquors ⬄216—Words "prohibited liquors or beverages," in indictment, held sufficient designation.**

The words "prohibited liquors or beverages" were a sufficient designation of the liquor described in an indictment for violating the prohibition law.

Appeal from Circuit Court, Geneva County; H. A. Pearce, Judge.

J. D. McCoy was convicted of violating the prohibition laws, and he appeals. Affirmed.

The plea in abatement attacked the jurisdiction of the state courts to try for the offense charged, since the enactment of the Eighteenth Amendment to the federal Constitution, and the passage of the Volstead Act (41 Stat. 305). The demurrers raised the point above raised, with the additional points that the indictment did not allege the date on which the offense was committed, and that it was not signed by the solicitor.

Mulkey & Mulkey, of Geneva, for appellant.

The demurrers to the indictment should have been sustained. 1 Stew. 318, 18 Am.

---

Dec. 46; 83 Ala. 84, 3 South. 711; 94 Ala. 106, 11 South. 403; 71 Ala. 344; 29 Ala. 27.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The federal laws did not suspend the Alabama prohibition laws., Ante, p. 101, 90 South. 138. It was not necessary that the indictment be signed by the solicitor. 8 Ala. App. 93, 62 South. 984; 8 Ala. App. 400, 62 South. 980; 16 Ala. App. 399, 70 South. 315. The indictment need not allege the exact time, but is sufficient if it alleges that this offense was committed since the going into effect of the statute. Laminack v. State, ante, p. 399, 92 South. 502; Id., ante, p. 400, 92 South. 505.

MERRITT, J. The defendant was convicted under an indictment which charged that he—

"did possess a still, apparatus, appliance, or some device or substitute therefor, to be used for the purpose of manufacturing prohibited liquors or beverages, subsequent to the 1st day of December, 1919."

There is no bill of exceptions; the appeal being upon the record proper.

[1] The demurrers to the plea in abatement were properly sustained. Powell v. State, ante, p. 101, 90 South. 138.

[2, 3] Demurrers to the indictment were properly overruled.

[4] The words "prohibited liquors or beverages" were a sufficient designation of the liquor described in the indictment. Black v. State, 205 Ala. 277, 87 South. 527.

We find no error in the record, and the judgment appealed from is affirmed.

Affirmed.