(95 South. 61)

**SPENCER v. STATE. (4 Div. 852.)**

(Court of Appeals of Alabama. Jan. 30, 1923.)

1. **Intoxicating liquors** ⊂⊃13, 132—**State law not superseded by Eighteenth Amendment and Volstead Act.**

The state prohibition laws were not superseded or suspended by Const. U. S. Amend. 18, and the Volstead Act (41 Stat. 305).

2. **Intoxicating liquors** ⊂⊃209 — **Indictment, charging possession of still to be used for manufacturing prohibited liquors, held sufficient.**

An indictment, charging that defendant distilled and manufactured alcoholic and spirituous liquors, and possessed a still or some device or substitute therefor, to be used for the purpose of manufacturing prohibited liquors subsequent to December 1, 1919, was sufficient.

Appeal from Circuit Court, Geneva County; H. A. Pearce, Judge.

Grant, alias Grand, Spencer was convicted of a violation of the prohibition laws, and he appeals. Affirmed.

The indictment is as follows:

"The grand jury of said county charges that before the finding of this indictment Grant Spencer, alias Grand Spencer, did distill, make, or manufacture alcoholic or spirituous liquor subsequent to the 25th day of January, 1919.

"The grand jury of said county further charge that before the finding of this indictment Grant Spencer, alias Grand Spencer did possess a still, apparatus, appliance, or some 'device or substitute therefor to be used for the purpose of manufacturing prohibited liquors or beverages, subsequent to the 1st day of December, 1919, against the peace and dignity of the state of Alabama."

Defendant filed the following plea in abatement:

"The circuit court of Geneva county, Ala., has no jurisdiction to try this cause, because prior to the finding of the indictment an amendment to the Constitution of the United States, and known as the Eighteenth Amendment, was duly submitted to the states for adoption, and which amendment has been duly adopted by the action of the Legislatures of the requisite number of the states, and is now, and was at the time of the finding of the indictment, a part of the Constitution of the United States, and provides that the manufacture and sale of liquors for beverage purposes in the United States and its possessions is forever prohibited.

"That to enforce such constitutional provision the Congress of the United States has enacted a law known as the Volstead Law, whereby the enforcement of said constitutional provision is provided for, and whereby the possession of a still is made an offense against the laws of the United States, and the punishment whereof has been duly provided for.

"That by this action of Congress the power to try and punish for the possession of a still has been vested in the federal courts, and,

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Congress having taken action with respect to the subject-matter involved in this indictment, and having assumed jurisdiction thereof, the jurisdiction of the state of Alabama with respect to said offense. and with respect to the offense charged in this indictment, has been necessarily excluded by reason of such federal enforcement act. And defendant avers that the matters and things herein set up are public records of which the court takes judicial notice, and hence need not be verified."

The state demurred to this plea on grounds as follows:

"First. Because said plea is no answer to the allegations contained in the indictment.

"Second. For that said plea fails to show by its averments any reason why the action should abate, or that the defendants should not be tried under said indictment.

"Third. Because said plea shows by its averments that the circuit court of Geneva county, Ala., has the right to put the defendants on trial on the indictment returned by the grand jury in this cause."

Defendant demurred to the indictment on the following grounds:

"First. The indictment is not based upon the law known as the 'Volstead Act,' and there is no law of the state of Alabama regarding the subject-matter of the indictment.

"Second. The court is without jurisdiction in this cause, because the laws of Alabama, known as the prohibited laws, and upon which this indictment is based, stand supplanted by virtue of the Volstead Act referred to.

"Third. Alabama has no enforceable laws on the question of liquor violations, and such violations are now governed exclusively by the federal law known as the Volstead Act.

"Fourth. The indictment fails to allege the character or kind of liquor or beverages, the still was to be used for the manufacture of, and it is not sufficient to allege prohibited liquors or beverages."

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

BRICKEN, P. J. By the verdict of the jury the defendant was convicted under the first count of the indictment, which charged that he did distill, make, or manufacture alcoholic or spirituous liquor, etc.

[1, 2] This appeal is upon the record proper; there being no bill of exceptions. The questions presented by the plea in abatement, to which demurrers were sustained, and by demurrers to the indictment, have been decided adversely to the contention of the defendant in the following cases: Powell v. State (Ala. App.) 90 South. 138; [1] Jones v. State (Ala. App.) 90 South. 135; [2] Ewing v. State (Ala. App.) 90 South. 136; [3] Ricketts v. State (Ala.

App.) 90 South. 137; [4] Layman v. State (Ala. App.) 93 South. 66; [5] Johnson v. State, 18 Ala. App. 503, 93 South. 375.

Under authority of these cases the judgment appealed from is affirmed.

Affirmed.