# Winslow *v.* The State.

*Prosecution for Violating Contract with Surety on Confessed Judgment.*

1. *Contract under Section 3832 of the Code must not secure more than the fine and costs.*—Section 3832 of the Code provides for the repayment to the surety, by the performance of some act of service, of the fine and costs imposed as a punishment, and if a contract be made under that Section, for farming on shares, the effect of which would be to make the parties liable to each other for advances made in the joint venture, it is no violation of the criminal law for the hired party to refuse to perform such contract.

[Winslow v. The State.]

APPEAL from Pike Criminal Court.

Tried before Hon. W. H. PARKS.

The defendant demurred to the affidavit, the foundation of the prosecution, and objected to the introduction of the contract in evidence on these grounds: 1. That it is insufficient as a contract to bind the defendant. 2. That it is conditional and does not bind the defendant for any specified time. 3. That it stipulates no price per diem or per month as a payment to defendant. The defendant also asked the general affirmative charge in his favor.

R. L. HARMON, for Appellant, cited *Ex parte* Davis, 95 Ala. 9; *Wynn v. State*, 82 Ala. 55; *Smith v. State Ib.* 40; *Bradley v. State*, 69 Ala. 318; *State v. Brewer*, 59 Ala. 130; *Ward v. State*, 88 Ala. 202; *Lee v. State*, 75 Ala. 29.

W. L. MARTIN, Attorney-General, for the State.

HEAD, J.—Section 3832 of the Code of 1886 provides that "any defendant, on whom a fine is imposed on a conviction for a misdemeanor, who in open court signs a written contract, approved in writing by the judge of the court in which the conviction is had, whereby in consideration of another becoming his surety on a confession of judgment for the fine and costs, agrees to do any act, or perform any service for such person, and who after being released on such confession of judgment, fails and refuses, without sufficient excuse, to be determined by the jury, to do the act or perform the service, which in such contract he agreed to do or perform, must, on conviction, be fined," &c. Appellant was tried for an alleged violation of this law.

Under the principles declared by this court, in construing this section, in *Smith v. State*, 82 Ala. 40; *Wynn v. State, Ib.* 55, and *Ex parte Davis*, 95 Ala. 9, and upon a just interpretation of the section, upon its face, the contract entered into by appellant with his surety, in this case, is such as will not support a conviction. The language of the statute is, "Any defendant . . . who agrees to do any act, or perform any service, *for such person.*" It is thus manifest that the creation of the relation of employer and employee between the surety and defendant is contemplated, whereby the latter undertakes to do the act or perform the service *for the former*, the compensation for which shall be applied to the payment and discharge of the fine and costs adjudged against him, for which the former has confessed judgment. In *Smith v. State, supra*, we said that the con-

[Winslow v. The State.]

tract authorized to be made "does not extend beyond se-
curing the fine and costs incident to the conviction. It can
not be made to embrace money loaned or advanced by the
hirer to the convict, or articles of property advanced, what-
ever their character. The hirer becomes the transferree
only of the right of the State to compel the satisfaction of
the fine and costs, and nothing more, by exacting the invol-
untary servitude of the convict who himself contracts to
change masters for this purpose. . To attempt to hold
the convict for any contractual liability created for advances
made, whether in money or property, is imprisonment for debt
within the meaning of the Constitution, and unauthorized.
If such contracts were permitted there would be no limit to
the time for which one could be held to involuntary servi-
tude, so long as the exigency of want, or weakness of purpose
on the part of the borrower, prompted the acceptance of
loans made to him under the form or color of advances."
The other cases cited *supra* are to the same effect.

In the present case, the contract provides, in effect, that,
at the direction of Brown, the surety, he and the defendant
shall engage in the business of farming together, on shares;
Brown to furnish the land, houses and stock and feed for the
stock, and all necessary farming implements with which to
work the farm, and be allowed to apply defendant's half in-
terest in the products of the farm to the payment of the
fine and costs, until the whole amount of the fine and costs
are fully repaid to him in defendant's interest or part of the
products of the farm or farms; and it is further stipulated
that if the crop of the year 1891 be insufficient to repay
Brown the amount of said fine and costs, then the defendant
agrees to work with Brown, either by the month at reason-
able wages, or on shares, as above stated, until he is so paid
the amount of the fine and costs in defendant's labor or
shares of the crop or crops, as said Brown may prefer or
direct.

It is clear that this contract creates no relation of employer
and employee between the parties. It does not, in any sense,
stipulate for the performance of any act or service by defen-
dant for the surety. The parties enter upon a joint business
venture, to-wit: farming. The one party agrees to contrib-
ute to this venture the land, stock, feed for the stock and
the farming implements; the other party the necessary labor.
They are to divide the crops produced equally between
them. Each has the same interest in, and control over, the
business and its products as the other. Neither is in the
service of the other, or does any act for the other. What is

done by each in performance of the contract, is done to promote the success of the joint adventure and for the common benefit of both. If it could be said that defendant was the servant of Brown, performing service for him, so also, could it as well be said that Brown was the servant of defendant; for their relations, each to the other, are exactly the same. Suppose the contract had been one of partnership, with stipulation that the fine and costs should be paid from the defendant's share of the net profits; would any one contend it was such a contract as sec. 3832 contemplates? Clearly not. Yet there is no difference in the principle between that and the present case.

Again, sec. 3075 of the Code provides that parties thus situated have each a lien upon the interest of the other in the crops for any balance due him for provisions, supplies, teams, materials, labor, services and money, or either, furnished to aid in cultivating and gathering such crops, under contract, or when the interest of such crops require it, in case of a failure of either to contribute the amount and means as agreed upon by the parties; which lien may be enforced by attachment. Under this contract, and the operation of this law, if Brown made any such advances to defendant, he became the owner, in equity, of defendant's one-half interest in the crops, to the extent of the amount of such advances; and, as we have seen under the statute last cited, he was authorized to furnish labor, not only by contract with the defendant, but against the latter's will, on his failure to furnish it, if the interest of the crops so required. Thus, in ascertaining defendant's share of the crops to be applied to the payment of the fine and costs, his share of the gross products would have to be diminished to the extent of the advances made him, if any. The contract, therefore, extends, beyond a security for the fine and costs, and has the effect of securing all advances of the kind designated which Brown may make to the defendant. The bill of exceptions shows that the parties farmed on shares for the year 1891, and that defendant's share of the crop was insufficient to pay the fine and costs, and on January 13th, 1892, defendant left the premises. In view of what we have said, no criminal offense was committed. The judgment of the Criminal Court is reversed, and a judgment will be here entered discharging the defendant from further prosecution.