(88 South. 205)

TAYLOR v. STATE. (4 Div. 649.)

(Court of Appeals of Alabama. June 28, 1920.
Rehearing Denied Nov. 9, 1920.)

1. INDICTMENT AND INFORMATION ⬧➔86(8)—
INDICTMENT NEED NOT ALLEGE WHERE OF-
FENSE WAS COMMITTED.

In view of Code 1907, § 7140, an indictment
charging the manufacture of prohibited liquors
need not specify that the offense was committed
within the state, for it is not necessary to al-
lege in the indictment where the offense was
committed; this being a matter of proof.

2. INTOXICATING LIQUORS ⬧➔134, 216—"SPIR-
ITUOUS LIQUORS" ARE ALCOHOLIC LIQUORS
AND DESCRIPTION IN INDICTMENT HELD SUF-
FICIENT.

The phrase "spirituous liquors" means liq-
uors composed in part or entirety of alcohol
produced by distillation, so an indictment under
Acts 1919, p. 16, § 15, declaring any person who
shall make or manufacture alcoholic, spirituous
liquors, or beverages any part of which is al-
cohol, shall be guilty of a felony, is sufficient if
it alleges that the liquors were spirituous, for
that includes an allegation that they were in
part alcohol.

[Ed. Note.—For other definitions, see Words,
and Phrases, First and Second Series, Spirit-
uous Liquors.]

3. INTOXICATING LIQUORS ⬧➔216—UNNECES-
SARY IN AN INDICTMENT TO SET OUT KIND
OF INTOXICATING LIQUOR MANUFACTURED.

As Acts 1915, p. 30, § 29½, provides it
shall not be necessary to set out in the indict-
ment the kind of prohibitive liquors manufac-
tured, etc., and as Acts 1919, p. 16, § 15, mak-
ing the manufacture felony was supplemental,
it is unnecessary to specify in the indictment
the kind of prohibited liquor manufactured.

4. INTOXICATING LIQUORS ⬧➔233(2) — EVI-
DENCE IN DEFENDANT'S POSSESSION OF RUM
ADMISSIBLE IN PROSECUTION FOR MANUFAC-
TURE.

In a prosecution for manufacturing intox-
icating liquors where it was shown that a still
was found in operation about a quarter of a
mile from defendant's home and that the still
was making rum, etc., evidence that rum was
found at defendant's home was admissible.

On Rehearing.

5. CRIMINAL LAW ⬧➔517(3)—ADMISSION OF
CONFESSION NOT ERROR WHERE PREDICATE
WAS SUBSEQUENTLY LAID.

In a prosecution for violating the prohibit-
ory law, the admission of a confession by de-
fendant that a still was his without any predi-
cate that the same was voluntary having been
laid was not erroneous, where there was only
one confession or admission and predicate that
the confession or admission was voluntary was
subsequently laid.

Appeal from Circuit Court, Houston
County; H. A. Pearce, Judge.

Weeks Taylor was convicted of manufac-
turing prohibited liquor, and he appeals.
Affirmed.

Witness May testified as follows:

"I had a conversation with Mr. Taylor after
we got down there. I did not make any threats
against him or offer him any inducement or
make any promise or tell him it would be bet-
ter to make a statement."

Following this, the witness testified to cer-
tain admissions or statements made by the
defendant.

The witness Watford testified to substan-
tially the same thing just after he had stat-
ed what the defendant said to him.

Farmer, Merrill & Farmer, of Dothan, for
appellant.

The prosecution being for manufacturing,
the evidence must be confined to the opera-
tion of the still, and it was improper to ad-
mit evidence showing that he had whisky
at a different place. 148 Ala. 637, 42 South.
833; 148 Ala. 625, 42 South. 813; 136 Ala.
114, 33 South. 831; 69 Ala. 10; 91 Ala. 47,
8 South. 816; 156 Ala. 136, 47 South. 193;
140 Ala. 131, 37 South. 266. The fact that
the defendant had liquor at his house had
no tendency to prove that he manufactured
it. 70 South. 949; 136 Ala. 114, 33 South.
831. No sufficient predicate was laid to
show admissions made by the defendant. 2
Ala. App. 175, 56 South. 64; 171 Ala. 19,
55 South. 159.

J. Q. Smith, Atty. Gen., for the State.
No brief came to the Reporter.

MERRITT, J. The appellant was con-
victed under an indictment which charged
that he "did distill, make or manufacture
alcoholic or spirituous liquor subsequent to
the 25th day of January, 1919, against the
peace and dignity of the state of Alabama."

The act under which the defendant was
indicted reads as follows:

"That any person, firm or corporation who
shall, within this state distill, make or manufac-
ture any alcoholic, spirituous, malted or mixed
liquors or beverages, any part of which is al-
cohol, shall be guilty of a felony," etc. Acts
1919, p. 16, § 15.

[1] By demurrer, the defendant raises the
proposition that the indictment should con-
tain the allegations, "within this state," and
"any part of which is alcohol."

In view of Code 1907, § 7140, it was not
necessary to allege in the indictment where
the offense was committed, this being a mat-
ter of proof.

[2] The phrase "spirituous liquors" in its
ordinary sense means liquors composed in
part or entirety of alcohol, produced by dis-

⬧➔For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

tillation, and this being so, it was not necessary to allege in the indictment that the spirituous liquors were in part alcohol.

[3] Furthermore, section 29½ of an act approved January 23, 1915 (Acts 1915, p. 30), provides that it shall not be necessary to set out in the indictment, complaint, or affidavit, the kind of prohibited liquors manufactured, sold, or otherwise disposed of, and the act of January 25, 1919, under which the defendant was indicted, being a supplemental act and not a complete revision of the laws upon the subject-matter involved, it was therefore unnecessary that the indictment should contain any such allegation.

[4] It having been shown that a still was found by the witness May and Watford in operation about one quarter of a mile from defendant's home; that the still was making rum; that at the still was found 5 empty barrels, two barrels of beer, and 2 gallons of rum, 5 empty jugs, 2 fruit jars filled with flour and water—it was perfectly competent to prove that at this time these same witnesses found at defendant's home 5½ gallons of rum in jugs, as tending to connect the defendant with the manufacture of prohibited liquors. Salter v. State, ante, p. 517, 85 So. 847.

The proper predicate was laid in this case for the admissions made by the defendant to the witness Watford. Stevens v. State, 138 Ala. 71, 35 South. 122. Furthermore, this was the same conversation testified to by the sheriff, May, and his testimony also discloses that the proper predicate was laid for the admission of the defendant.

There is no error in the record, and the judgment of conviction is affirmed.

Affirmed.

#### On Rehearing.

[5] Counsel for appellant in their application for rehearing are insistent that no predicate was laid for the admission of the defendant to the witness Watford, as the same appears in one part of the testimony, but concede that a proper predicate was laid for the admission by the defendant to the witness Watford, as the same appears in another part of the testimony, transcript; the admission on the part of the defendant being "that the still was his." A careful reading of the record in this case shows conclusively that there was but one conversation testified to between the witness Watford, and the defendant, or the sheriff, Alex May, or any one else in reference to the defendant's connection with the still alleged to have been owned and operated by him. When the state offered to prove by the witness Watford, in the first place, what was said by the defendant, it is true no predicate was attempted to be laid showing that the admission or confession was voluntary, but it was immediately following this that such qualifying questions were asked the witness and answers made as now lead appellant to concede that the proper predicate was laid for the admission of such confessions. In fact, the witness appears to have been qualified to meet the very objections raised at that time to his testimony, and it clearly appearing that the testimony referred to but one and the same conversation, there is no merit in appellant's contention.

As stated in the original opinion, this was the same conversation, dealing with the same alleged admission, testified to by the witness May, and if error in admitting it in the first instance, the subsequent qualification of the witness, showing the confession to have been voluntary, cured such error.

This much meets the objections raised by appellant, and establishes the correctness of the court's ruling; but aside from this, there are other reasons shown by all of the testimony, upon which the correctness of the trial court's ruling could well be predicated.

The application for rehearing is overruled.