(92 South. 77)

### REESE v. STATE. (5 Div. 365.)

(Court of Appeals of Alabama. Dec. 20, 1921. Rehearing Denied Jan. 17, 1922.)

1. Intoxicating liquors ⬅202—Indictment held to sufficiently charge that apparatus was to be used for manufacturing liquor.

While it is an essential element of the offense of selling, giving away, or having possession of apparatus to be used for manufacturing intoxicating liquors, that it was to be used for that purpose, an indictment alleging that defendant did sell, give away, or have in his possession an apparatus, etc., for the purpose of manufacturing prohibited liquors, sufficiently alleged that it was to be used for that purpose.

2. Indictment and information ⬅110(2) — Statutory language need not be followed, if language used conveys the same meaning.

Words used in a statute to define an offense need not be strictly pursued in an indictment, and it is sufficient to use other words which convey the same meaning.

3. Criminal law ⬅753(2)—Affirmative charge properly refused, when there is some evidence to justify verdict.

The affirmative charge was properly refused, where there was some evidence from which the jury would be justified in rendering a verdict against defendant. .

Appeal from Circuit Court, Chambers County; S. L. Brewer, Judge.

Cheatham Reese was convicted for violating the prohibition laws, and he appeals. Affirmed.

N. D. Denson & Sons, of Opelika, for appellant.

The indictment failed to contain words constituting all the elements, or constituent elements, of the offense. 45 Ala. 46; 17 Ala. 182; 16 Ala. App. 399, 78 South. 315; 15 Ala. App. 142, 72 South. 611; 203 Ala. 276, 82 South. 526. The counsel discuss the question of search and seizure and the things found as evidence against the defendant, without search warrant, but concede that the decision in the Mary Banks Case forecloses that question.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State. .

The indictment was sufficient. Sections 7133 and 7136, Code 1907; 204 Ala. 91, 85 South. 304; 88 South. 341; 2 Ala. App. 65, 56 South. 98; 4 Ala. App. 439, 58 South. 667.

BRICKEN, P. J. [1] Count 2 of the indictment under which this defendant was convicted, charged that he did sell, give away, or have in possession a still, apparatus, appliance, or a device or substitute for a still, apparatus, or appliance, for the purpose of manufacturing prohibited liquors or

beverages contrary to law, etc. The sufficiency of this count was challenged by demurrer; the point being made that it failed to charge an indictable offense, for the reason the words "to be used," as they appear in the statute, were left out.

There can be no doubt that the phrase contained in the statute, "to be used for the purpose of manufacturing any prohibited liquors or beverages," is an essential ingredient, or, as sometimes stated, a constituent element, of the offense denounced by this statute. But we think the indictment sufficiently charges this feature of the statute and that the allegation that Cheatham Reese did sell, give away, or have in his possession a still, apparatus, appliance, or device, or substitute for a still, apparatus, or appliance, for the purpose of manufacturing prohibited liquors or beverages, etc., is equivalent to having stated that said still, appliance, etc., was to be used for the purpose designed.

[2] Words used in a statute to define an offense need not be strictly pursued in the indictment. It is sufficient to use other words which convey the same meaning, and after a careful consideration of this question we are unable to find any material distinction between the words of the statute and those used in the indictment. We think they convey the same meaning, and are therefore sufficient. We are of the opinion, however, that, while this is true, it would have been the better practice for the indictment to have followed the exact words of the statute. At least this would have resulted in saving the time of the trial court and this court in passing upon a question thus easy to avoid.

The main questions presented as to the rulings of the court upon the testimony have been decided adversely to the contention of the defendant in the case of Mary Banks v. State, post, p. 376, 93 South. 293.

[3] The affirmative charge was promptly refused, as there was some evidence from which the jury would be justified in the verdict rendered.

The record appears free from error, and the judgment of the lower court is affirmed. Holloway v. State, post, p. 392, 92 South. 78.

Affirmed.