(92 South. 15)

### BARNES v. STATE.   (5 Div. 382.)

(Court of Appeals of Alabama.   Jan. 10, 1922.)

**1. Criminal law ⊚�439;95—Motion to strike plea to jurisdiction of state court held properly granted.**

In a prosecution for violation of the Prohibition Law, the motion to strike the plea of accused that trial court had no jurisdiction, since Congress under the Eighteenth Constitutional Amendment had made the facts alleged in indictment a violation of the federal laws, and therefore only federal courts had jurisdiction, was properly granted.

**2. Intoxicating liquors ⊚�439;200—Demurrers to indictment held properly overruled.**

Demurrer to an indictment for violation of the liquor law, charging that, on the dates named, accused distilled, made, or manufactured alcoholic, spirituous, malted, or mixed liquors or beverages, a part of which mixed liquors or beverages was alcohol, on the ground that it was not sufficiently definite and certain to inform accused of the nature and cause of the accusation, and that it did not state an offense *held* properly overruled.

**3. Intoxicating liquors ⊚�439;216—Failure of indictment to state that liquors contained alcohol held immaterial.**

Demurrers to an indictment charging that, at a time named, accused sold, gave away, or had in his possession a still and apparatus to be used for the purpose of manufacturing prohibited liquors or beverages, on the ground that the indictment did not state that the liquors therein referred to contained alcohol, were properly overruled.

**4. Indictment and information ⊚�439;72—Indictment in the alternative held proper.**

Demurrers to an indictment charging violation of the Prohibition Law, in that accused, on dates named, sold, gave away, or had in his possession a still, apparatus, appliance, or device, or substitute therefor, to be used for the purpose of manufacturing prohibited liquors or beverages, on the ground that the allegations were in the alternative, *held* properly overruled.

**5. Criminal law ⊚�439;753(2)—Refusal of affirmative charge not error in view of evidence tending to support state's case.**

Where there was evidence tending to support the state's case, the refusal of affirmative charge requested by defendant was not error.

**6. Intoxicating liquors ⊚�439;167—Carrying wood for a still constituted aiding in manufacture of whisky.**

The carrying of wood to a still for the purpose of making whisky was aiding and abetting, and hence the refusal of a charge that, if jury believed that the only act of accused in attempting to make the prohibited liquors was carrying wood to the fire, and that the same had not been used for such, the accused should be acquitted, was not error.

Appeal from Circuit Court, Lee County; Lum Duke, Judge.

Cleve Barnes was convicted of violating the Prohibition Law, and he appeals. Affirmed.

The indictment is as follows:

The grand jury of said county charge that, before the finding of this indictment, and after January 25, 1919, Cleve Barnes distilled, made, or manufactured alcoholic, spirituous, malted, or mixed liquors or beverages, a part of which was alcohol.

The grand jury of said county further charge that, before the finding of this indictment, and after the 25th day of January, 1919, Cleve Barnes distilled, made, or manufactured alcoholic, spirituous, malted, or mixed liquors or beverages, a part of which mixed liquors or beverages was alcohol.

The grand jury of said county further charge that, before the finding of this indictment, and more than 60 days after the 30th day of September, 1919, Cleve Barnes manufactured, sold, gave away, or had in his possession a still, apparatus, appliance, or a device or substitute therefor, to be used for the purpose of manufacturing prohibited liquors or beverages, against the peace and dignity of the state of Alabama.

The demurrers were, in effect, that the allegations of the indictment were not sufficiently definite and certain to inform the defendant of the nature and cause of the accusation. It fails to aver that the offense charged was committed prior to January 16, 1920. It does not charge any offense of which this court has jurisdiction. . Demurrers to the second count especially were as follows: It does not aver that the liquors therein referred to contained alcohol; and the allegations are in the alternative, and the charge that the defendant made malt liquors does not state an offense against the laws of Alabama or of the United States.

Pleas of the defendant referred to are that this court had no jurisdiction since Congress of the United States under grant of power contained in the Eighteenth Amendment to the Constitution of the United States

---

of America has made the facts therein alleged to constitute a violation of the laws of the United States, and only the federal court of the United States has jurisdiction to try such a case.

Charge 7, refused to the defendant, is as follows:

I charge you, gentlemen of the jury, that if you believe that the only act of this defendant in attempting to make the prohibited liquors, as are mentioned in the first count in' the indictment, consisted only in carrying wood to the still, and that same had not been used for such, then you must acquit him of the charge of attempting to make such liquor.

N. D. Denson & Sons, of Opelika, for appellant.

Brief of counsel did not reach the Reporter.

Harwell G. Davis., Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. [1] The motion to strike defendant's plea was properly granted. Powell v. State, ante, p. 101, 90 South. 138.

[2-4] Defendant's demurrers to the indictment were properly overruled. Taylor v. State, 17 Ala. App. 579, 88 South. 205.

[5] There was evidence tending to prove the state's case and therefore the general charge as requested by the defendant was properly refused.

[6] The carrying of wood to the still for the purpose of making whisky, was aiding or abetting, and hence charge 7 was properly refused.

We find no error in the record, and the judgment is affirmed.

Affirmed.

⚖=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes