(92 South. 78)

### HOLLOWAY v. STATE.  (5 Div. 388.)

(Court of Appeals of Alabama.  Feb. 7, 1922.)

1. **Intoxicating liquors** ⬤⟿202—**Indictment held to sufficiently charge that apparatus was to be used for purpose of manufacturing liquors.**

While a necessary constituent of the offense charged should be laid positively, and not by way of mere recital or doubtful implication, an indictment under Acts 1919, p. 1086, § 1, charging that defendant did sell, give away, or have in possession a still or apparatus for the purpose of manufacturing prohibited liquors amounted to an allegation that it was to be used for the purpose of manufacturing such liquors, and sufficiently complied with the statute.

2. **Criminal law** ⬤⟿1182—**Judgment not reversed when error not affirmatively shown.**

Where an examination of the record shows no error in the admission of evidence of a confession, the judgment will be affirmed.

Appeal from Circuit Court, Chambers County; S. L. Brewer, Judge.

Guss Holloway was convicted of violating the prohibition laws, and he appeals.  Affirmed.

The sheriff testified that he arrested the defendant and said that he had a conversation with him; that he did not offer him anything or use any threats or hold out any hope of reward to him, and was permitted to testify that the defendant told him that he had made whisky, a small amount each time. The same was testified to by other witnesses on the stand.

James W. Strother, of Dadeville, and J. A. Hines, of La Fayette, for appellant.

Brief of counsel did not reach the Reporter.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

MERRITT, J.  The indictment under which the defendant was convicted is drawn under section 1 of the Acts of 1919, p. 1086, being an act to further suppress the evils of intemperance.  This section reads as follows:

"It shall be unlawful for any person, firm or corporation in this state to manufacture, sell, give away or have in possession any still, apparatus, appliance, or any device or substitute therefor, to be used for the purpose of manufacturing any prohibited liquors or beverages."

The indictment omits the use of the words "to be used," and its sufficiency was questioned by demurrer, on this account, the demurrer being overruled.

[1] We are not unmindful that correct criminal pleading requires that a fact which is a necessary constituent of an offense should be laid positively, and not by way of mere recital, or doubtful implication; yet in this case it will be noted that the indictment charged that the defendant did sell, give away, or have in possession a still, apparatus, appliance, etc., "for the purpose" of manufacturing prohibited liquors or beverages.  The words "for the purpose" of manufacturing prohibited liquors or beverages, rightly construed, is the legal equivalent of "to be used for the purpose" of manufacturing prohibited liquors or beverages, and the averment in the indictment "for the purpose" of manufacturing prohibited liquors or beverages was a sufficient compliance with the statute in this respect.  Franklin v. State, 52 Ala. 414; Jenkins v. State, 97 Ala. 68, 12 South. 110; Cheatham Reese v. State ante, p. 357, 92 South. 77.

[2] An exception reserved and presented by this appeal is whether the lower court committed error in admitting evidence of a confession by the defendant.  It is unnecessary to discuss the rule governing the admission in evidence of confessions of a defendant in criminal cases.  In Curry v. State, 203 Ala. 239, 82 South. 489, the Supreme Court said:

"It is settled law that, when a confession is offered in evidence against a defendant in a criminal trial, the duty devolves upon the court to ascertain and declare by its ruling whether or not such confession was free and voluntary. When confessions have been admitted in evidence against a defendant's objection, the presumption is in favor of the correctness of the ruling of the trial court on appeal, and reversal will not be had because of the admission of such evidence, unless the record affirmatively shows that manifest error was committed in the admission of such evidence."

See Price v. State, 117 Ala. 113, 23 South. 691; Wilson v. State, 191 Ala. 7, 67 South. 1010; Sharp v. State, 193 Ala. 22, 69 South. 123; Godau v. State, 179 Ala. 27, 60 South. 908.

An examination of the record discloses no error of the trial court.  The circumstances and the testimony of several witnesses showed the confession to have been voluntary.

The judgment of the circuit court is affirmed.

Affirmed.

---

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes