(93 South. 213)

## RYLAND v. STATE. (4 Div. 770.)

(Court of Appeals of Alabama. May 9, 1922.)

**1. Intoxicating liquors ⬤209—Indictment for possessing a still held sufficient.**

An indictment that defendant "did possess a still, apparatus, appliance, or some device or substitute therefor, to be used for the purpose of manufacturing prohibited liquors or beverages subsequent to the 1st day of December, 1919," etc., *held* sufficient.

**2. Criminal law ⬤747—Question of guilt for jury, where evidence conflicting.**

Where the testimony is in sharp conflict, the guilt or innocence of defendant is for the jury, and not for the court.

Appeal from Circuit Court, Geneva County; H. A. Pearce, Judge.

Vesta Ryland, alias, etc., was convicted of violating the prohibition law, and she appealed. Affirmed.

The plea in abatement sets up want of jurisdiction in the state court to try offenses of this character, since the passage of the federal statute known as the Volstead Act (41 Stat. 305).

W. O. Mulkey, of Geneva, for appellant.

The indictment should have alleged the day or date of the offense. 1 Stew. 318, 18 Am. Dec. 46; 83 Ala. 84, 3 South. 711. Under the statute, the still must not only be possessed, but must be possessed for the specific purpose of manufacturing prohibited liquors. 94 Ala. 106, 11 South. 403; 71 Ala. 344; 55 Ala. 181; 29 Ala. 27.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The contentions of the appellant are fully answered by section 7139, Code 1907, and by the cases of Laminack v. State, ante, p. 399, 92 South. 502; Id., ante, p. 400, 92 South. 505; Reese v. State, ante, p. 357, 92 South. 77.

BRICKEN, P. J. [1] The indictment under which this defendant was tried and convicted contained one count, and was as follows, omitting the formal parts, that this defendant—

"did possess a still, apparatus, appliance, or some device or substitute therefor, to be used for the purpose of manufacturing prohibited liquors or beverages subsequent to the 1st day of December, 1919," etc.

The indictment, while awkwardly worded, we think is sufficient, and the court properly overruled the demurrers interposed by defendant, and likewise correctly sustained the state's demurrers to the plea in abatement. Powell v. State, ante, p. 101, 90 South. 138.

[2] The rulings of the court upon the admission of testimony are so clearly free from error, it is not necessary to discuss them. The testimony was in sharp conflict, and the guilt or innocence of this defendant thereunder was a question of fact for the determination of the jury, and not one of law for the court to decide.

The affirmative charge requested by defendant was therefore properly refused. There was ample evidence to support the verdict, and, as the trial of this defendant, throughout, proceeded without error, and there being no error apparent on the record, the judgment of the circuit court, appealed from, must be affirmed.

Affirmed.

---

⬤For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes