(94 South. 192)

### FLOYD v. STATE. (5 Div. 364.)

(Court of Appeals of Alabama. Oct. 24, 1922.)

I. Intoxicating liquors ⚖=202—Indictment held not bad as failing to allege still was to be used for manufacturing liquor.

A count in an indictment for the violation of the Prohibition Law (Acts 1919, p. 1086), stating that the defendant did sell, give away, or have in his possession a still, apparatus, or appliance or some device or substitute for a still, apparatus, or appliance for the purpose of manufacturing prohibited liquors or beverages contrary to law, was not bad on the ground that it did not allege that the apparatus was to be used for the purpose of manufacturing liquor or beverages.

2. Criminal law ⚖=448(7)—Testimony that witness found beer in house of accused not incompetent.

In a prosecution for a violation of the Prohibition Law (Acts 1919, p. 1086), there was no merit in the objection to the testimony of a witness that he had found a barrel of beer at defendant's house, under the rule that, if defendant knew it was beer, it was a fact to which he could testify as of any other fact.

3. Criminal law ⚖=459, 466—Testimony that beer found in house of accused intoxicating competent, and cross-examination of witness proper.

In a prosecution for the violation of the Prohibition Law (Acts 1919, p. 1086), it was competent for a witness to testify as to whether or not beer found in the house would make one drunk; it being open on cross-examination to ascertain if the witness had drunk any of it, and his knowledge on the subject generally.

4. Criminal law ⚖=459—Testimony that can and pipes were found suitable for manufacture of liquor competent.

In a prosecution for the violation of the Prohibition Law (Acts 1919, p. 1086), there was no error in permitting a witness to tes-

tify that the can and pipes found and described by him were suitable to be used in the manufacture of prohibited liquors.

Appeal from Circuit Court, Chambers County; S. L. Brewer, Judge.

Walter Floyd was convicted of violating the prohibition law, and he appeals. Affirmed.

Count 2 of indictment reads as follows:

"The grand jury of said county charge that before the finding of this indictment and more than sixty days since the 30th day of September, 1919, Walter Floyd did sell, give away, or have in possession a still, apparatus, or appliance or some device or substitute for a still, apparatus, or appliance for the purpose of manufacturing prohibited liquors or beverages, contrary to law, against the peace and dignity of the state of Alabama."

Defendant demurred to the indictment on the ground, among others, that it did not allege that the apparatus, etc., was to be used for the purpose of manufacturing liquor or beverages.

N. D. Denson & Sons, of Opelika, for appellant.

Where no form is prescribed for an indictment, all the ingredients which go to make up the crime as found on the face of the statute must be alleged in the indictment. 45 Ala. 86; 17 Ala. 182; 16 Ala. App. 399, 78 South. 315; 15 Ala. App. 142, 72 South. 611; 203 Ala. 276, 82 South. 526.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

An indictment will not be held insufficient by reason of any defect in any matter or form which does not prejudice the substantial rights of the defendant. Code 1907, § 7133; 204 Ala. 91, 85 South. 304; ante, p. 21, 88 South. 371; 2 Ala. App. 65, 56 South. 98; 4 Ala. App. 139, 58 South. 973.

MERRITT, J. [1] The defendant was convicted under an indictment, the first count of which charged that since the 25th day of January, 1919, he did distill, make or manufacture, spirituous, malted, or mixed liquors, some part of which was alcohol, and the second charged that the defendant did sell, give away, or have in his possession a still, apparatus, or appliance, or some device or substitute therefor, for the purpose of manufacturing prohibited liquors or beverages. The demurrers to the second count of the indictment were properly overruled. Holloway v. State, ante, p. 392, 92 South. 78; Reese v. State, ante, p. 357, 92 South. 77.

[2-4] The witness J. W. Lane testified that he was familiar with beer, malt, and malt liquors, and had seen a good deal of it. He was thereupon permitted to testify that he had found a barrel of beer at the defendant's house. There was no merit in the objection to this testimony that the witness had not qualified as an expert. If the witness knew that it was beer, and we hardly think it would take an expert to so state, why this was a fact he could testify to as any other fact. Rarden v. Cunningham, 136 Ala. 263, 34 South. 26. It was also competent for the witness to testify as to whether it would make drunk, it being open on cross-examination to ascertain if the witness had drunk any of it, and his knowledge on the subject generally. Under the holding in the case of Frank Griggs v. State (Ala. App.) 93 South. 499,[1] there was no error in permitting the witness to testify that the can and pipes found and described by him were suitable to be used in the manufacture of prohibited liquors.

There is no error in the record, and the judgment appealed from is affirmed.

Affirmed.

---

⬤⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] Ante, p. 467.