## McKENZIE v. STATE. (5 Div. 439.)

(Court of Appeals of Alabama. June 30, 1923.)

**1. Intoxicating liquors ⬅209—Indictment held not demurrable.**

An indictment charging that defendant "did distill, make, or manufacture alcoholic, spirituous, malted, or mixed liquors or beverages, some part of which was alcohol, contrary to law," and that he "did manufacture, sell, give away, or have in his possession a still. apparatus, appliance, or some device or substitute for a still, apparatus, or appliance, to be used for the purpose of manufacturing prohibited liquors or beverages, contrary to law, against the peace and dignity of the state," held not subject to demurrer.

**2. Witnesses ⬅317(2)—Testimony of witness swearing falsely may be rejected only if he did so willfully or intentionally.**

The testimony of a witness swearing falsely may be rejected only if he did so willfully or intentionally.

**3. Criminal law ⬅827—Charge properly refused as incomplete.**

A charge that, if a certain witness was unworthy of belief, "the jury may look to this circumstance in determining what credence they will give to the testimony of said ——," was properly refused as incomplete.

**4. Criminal law ⬅829(1)—Refusal of charge covered in court's oral charge not error.**

Refusal of a charge covered in the court's oral charge is not error.

**5. Criminal law ⬅815(10)—Charge authorizing acquittal if guilt depended on testimony of witness swearing falsely held erroneous.**

A charge that, if defendant's guilt depended on the testimony of one witness, whose testimony the jury believed was willfully false as to any material part they might disregard all his testimony and acquit defendant, held erroneous, where there was other evidence justifying conviction.

**6. Criminal law ⬅815(9)—Charge to acquit if single fact inconsistent with guilt was proved held erroneous.**

A charge to acquit, "if there is one single fact proved to the satisfaction of the jury which is inconsistent wth defendant's guilt," was properly refused as omitting consideration of all the evidence.

---

**7. Criminal law** ☞561(1)—**Conviction of felony unauthorized, unless evidence excludes every reasonable hypothesis except guilt.**

One should not be convicted of a felony, unless the evidence excludes, to a moral certainty, every reasonable hypothesis except guilt.

**8. Criminal law** ☞829(18)—**Refusal of charge covered by general charges held error.**

Refusal to charge that one should not be convicted of a felony, unless the evidence excludes, to a moral certainty, every reasonable hypothesis except guilt, *held* error, notwithstanding general charges on reasonable doubt, where none of them were in the language of, or substantially covered the phase of, the evidence sought to be impressed on the jury by that refused.

**9. Criminal law** ☞828, 834(2)—**Requested charges must be given or refused in terms in which written, but mere repetition need not be given.**

Requested charges must be in writing and given or refused in the terms in which written (Code 1907, § 5364), but mere repetition need not be given.

**10. Criminal law** ☞825(1)—**Refusal of correct charge as applied to particular phase of evidence reversible error, though covered by general charges.**

While refusal of a correct charge is not cause for reversal, if the same rule of law was substantially and fairly given in other charges (Acts 1915, p. 815), refusal of a correct charge as applied to a particular phase of the evidence is reversible error, though covered by general charges based on general principles.

**11. Criminal law** ☞552(3)—**Conviction on circumstantial evidence reconcilable with another's guilt improper.**

One should not be convicted on largely circumstantial evidence, however strong, if reconcilable with the theory that another may have done the act.

**12. Criminal law** ☞789(4)—**Instruction jurors entitled to their own conception of what constitutes reasonable doubt erroneous.**

Instruction that the jury were entitled to their own conception of what constitutes a reasonable doubt of defendant's guilt was properly refused.

Appeal from Circuit Court, Tallapoosa County; S. L. Brewer, Judge.

William R. McKenzie was convicted of violating the prohibition law, and he appeals. Reversed and remanded.

The following is the indictment:

"The grand jury of said county charge that before the finding of this indictment, and since the 25th day of January, 1919, William R. McKenzie did distill, make, or manufacture alcoholic, spirituous, malted, or mixed liquors or beverages, some part of which was alcohol, contrary to law.

"And the grand jury of said county further charge that before the finding of this indictment and more than 60 days since the 30th day of September, 1919, William R. McKenzie did manufacture, sell, give away, or have in his possession a still, apparatus, appliance, or some device or substitute for a still, apparatus, or appliance, to be used for the purpose of manufacturing prohibited liquors or beverages, contrary to law, against the peace and dignity of the state of Alabama."

These charges were refused to defendant:

"(2) The court charges the jury that, if they find from the evidence in the case that John Staffney is unworthy of belief, then the jury may look to this circumstance in determining what credence, if any, they will give to the testimony of said ———.

"(3) The court charges the jury that, if they find from the evidence in this case that the witness John Staffney swore falsely as to any material fact, then the jury may disregard the evidence of said John Staffney."

"(8) If the guilt of the defendant depends upon the testimony of the witness John Staffney, and the jury believe from the evidence that the testimony of said Staffney was willfully false as to any material part of his testimony, then the jury may disregard all of the testimony of such witness and find the defendant not guilty."

"(14) The court charges the jury that, if there is one single fact proved to the satisfaction of the jury which is inconsistent with defendant's guilt, this is sufficient to raise a reasonable doubt of his guilt, and the jury should acquit."

"(17) The court charges the jury that a person charged with a felony should not be convicted, unless the evidence excludes, to a moral certainty, every reasonable hypothesis but of the defendant's guilt; no matter how strong the circumstances are, they do not come up to the full measure of proof which the law requires, if they can be reasonably reconciled with the theory that the defendant is innocent."

"(23) No matter how strong may be the facts, if they can be reconciled with the theory that some other person may have done the act, then the guilt of the defendant is not shown by the full measure of proof, which the law requires."

"G. The court charges the jury that each of and every one of you is entitled to have his own conception of what constitutes a reasonable doubt of the guilt of this defendant, and that before you can convict him the evidence must be so strong that it convinces each juror of defendant's guilt beyond all reasonable doubt, and if, after consideration of all the evidence, a single juror has a reasonable doubt of defendant's guilt, then you cannot find the defendant guilty."

F. Loyd Tate, of Wetumpka, for appellant.

The second count of the indictment was subject to demurrer. Johnson v. State, 32 Ala. 583; Danner v. State, 54 Ala. 127, 25 Am. Rep. 662; Horton v. State, 53 Ala. 488; Rogers v. State, 117 Ala. 192, 23 South. 82; Dix v. State, 8 Ala. App. 338, 62 South. 1007.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The refusal of charge 8 was error. Mills v. State, 1 Ala. App. 76, 55 South. 332; Prater v. State, 107 Ala. 28, 18 South. 238; Montgomery v. State, 17 Ala. App. 469, 86 South. 135; Jackson v. State, 136 Ala. 22, 34 South. 188. Charge 17 was correct, and should have been given. Bryant v. State, 116 Ala. 446, 23 South. 40; Prater v. State, supra; Howard v. State, 108 Ala. 572, 18 South. 813. Likewise charge 23. Pickens v. State, 115 Ala. 43, 22 South. 551; Jones v. State, 18 Ala. App. 116, 90 South. 135. Charge G should have been given. Doty v. State, 9 Ala. App. 21, 64 South. 170.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

SAMFORD, J. [1] There were demurrers filed to both counts of the indictment, assigning 29 grounds, but this court has already many times held that indictments similar to the one in this case are not subject to demurrer. Barnes v. State, 18 Ala. App. 344, 92 South. 15; Taylor v. State, 17 Ala. App. 579, 88 South. 205; Reese v. State, 18 Ala. App. 357, 92 South. 77; Holloway v. State, 18 Ala. App. 392, 92 South. 78; Layman v. State, 18 Ala. App. 441, 93 South. 66.

[2] Charge 3 was properly refused. It is not that a witness swears falsely that authorizes the jury to reject his testimony; it must be willfully or intentionally false.

[3, 4] Charge 2 is incomplete.

Charge 5 was covered by the court in his oral charge.

[5] Charge 8 was bad, in that it assumed a premise which did not exist in the evidence. The guilt of defendant did not depend upon the testimony of John Staffney. Eliminating this testimony entirely from the case, still there was evidence from which the jury could have arrived at a verdict of guilt.

[6] Charge 14 omits a consideration of all the evidence and was properly refused.

[7-10] Charge 17 asserts a correct proposition of law, as has been many times held by this court and the Supreme Court, and should have been given. Bryant v. State, 116 Ala. 446, 23 South. 40; Prater v. State, 107 Ala. 27, 18 South. 238; Cannon v. State, 17 Ala. App. 82, 81 South. 860. It is true the court in his oral charge had instructed the jury correctly on the general law of reasonable doubt and had given several written charges defining in general terms a reasonable doubt, but none of these charges given by the court were in the language of, or substantially covered the phase of, the evidence sought to be impressed upon the jury

19 ALA.APP.—21

by this charge refused by the court. Charges moved for by either party must be in writing and must be given or refused in the terms in which they are written. Code 1907, § 5364. But mere repetition need not be given. Smith v. State, 92 Ala. 30, 9 South. 408. It is now fixed by law (Acts 1915, p. 815), that—

"The refusal of a charge though a correct statement of the law shall not be cause for reversal if it appears that the same rule of law was substantially and fairly given to the jury in the court's general charge or in charges given at the request of parties."

But, it cannot be said that the rule as announced in this charge had been substantially and fairly given, where the charges given were in general terms and based upon general principles, and the charge refused was framed so as to embrace a correct principle as applied to a particular phase of the evidence in the case then on trial.

[11] Charge 23 also asserts a correct proposition, and was not substantially and fairly given by the court either in his oral charge or in written charges requested by defendant. The evidence in this case is largely circumstantial, and where this is the case the humane provision of the law is that defendant should not be convicted if the jury can reconcile the evidence consistent with the theory that some other person may have done the act. James v. State, 18 Ala. App. 236, 89 South. 864; Pickens v. State, 115 Ala. 42, 22 South. 551.

Under the evidence in this case the defendant was not entitled to the general charge as to either count of the indictment. We do not enter into a discussion of the evidence as shown by the record, as no good purpose could be served thereby.

Charge D was substantially covered by the oral charge of the court and the written charges.

[12] Charge G was properly refused. Neither the jury as a whole nor the jurors singly are entitled to have their own conception of what constitutes a reasonable doubt of the guilt of the defendant, independently of the law as defined to them by the court. The court defines the law of reasonable doubt and the jury applies the facts. While the principles announced in this charge are substantially held to be correct in Doty's Case, 9 Ala. App. 21, 64 South. 170, as here framed it must be held to be misleading and properly refused.

The questions raised on the evidence will probably not arise on the evidence on another trial.

For the errors pointed out, the judgment is reversed and the cause is remanded.

Reversed and remanded.