## BISHOP v. STATE.	(7 Div. 838.)

(Court of Appeals of Alabama.	June 30, 1923.)

**1. Intoxicating liquors ⬤⟳209—Indictment need not describe still.**

An indictment for possession of a still or substitute therefor, to be used for manufacturing prohibited liquors, need not describe the still or substitute.

---

**2. Indictment and information ⊚➝72—Not bad because of disjunctive averments.**

An indictment charging the manufacture, sale, or possession of a still or substitute therefor, to be used for manufacturing prohibited liquors, is not bad for disjunctive averments.

**3. Criminal law ⊚➝1170½(2) — No harm in view of witness' answer.**

There was no harm to defendant from allowing a question as to time, witness answering that she remembered nothing about it.

**4. Criminal law ⊚➝753(2)—Affirmative charge properly refused on conflicting evidence.**

Defendant is properly refused the affirmative charge, the evidence being conflicting, and there being ample to sustain a conviction.

**5. Criminal law ⊚➝1035(3)—Question of denial of right to public trial need not be raised at trial.**

The question of denial of right to public trial need not be raised at the time of the trial, by objection to the order for locking the courtroom door, or otherwise.

**6. Criminal law ⊚➝635—Right to public trial held not denied by order for locking door.**

Defendant was not denied his right under Const. 1901, § 6, to a public trial by order for the locking of the door, to avoid noise; there being at the time 200 in the courtroom, enough to make the trial a public one, most of whom remained through the trial.

Appeal from Circuit Court, Cherokee County; W. W. Haralson, Judge.

Tom Bishop was convicted of violating the prohibition law, and appeals. Affirmed.

Count 2 of the indictment is as follows:

"The grand jury of said county further charge that, before the finding of this indictment and since November 30, 1919, Tom Bishop, alias Thomas Bishop, manufactured, sold, gave away, or had in his possession a still apparatus, appliance, or some device or substitute therefor, to be used for the purpose of manufacturing prohibited liquors or beverages, against the peace and dignity of the state of Alabama."

Hugh Reed, of Center, for appellant.

By ordering the door locked the court deprived the defendant of a public trial. Const. 1901, § 6; Ex parte Wade, 207 Ala. 241, 92 South. 104.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The court had authority to keep the crowd within reasonable bounds. Ex parte Wade, 207 Ala. 241, 92 South. 104.

FOSTER, J. [1, 2] The defendant, appellant, was convicted of manufacturing prohibited liquors and of having in his possession a still, etc. The defendant's demurrers to the second count of the indictment on the ground that no particular description of the still, or substitute or device, was shown, and that the indictment contained disjunctive averments, were properly overruled. Barnes v. State, 18 Ala. App. 344, 92 South. 15; Reese v. State, 18 Ala. App. 357, 92 South. 77.

[3] Mrs. Tom Bannister, a witness for defendant, testified on cross-examination, without objection, as follows:

"My husband was away immediately after the grand jury last year. I don't know how long he was gone. I don't remember nothing about how long it was. I don't remember whether it was while the grand jury was in session or not. I don't remember whether it was about court time or not."

The solicitor then asked the witness "Well, it was along about the latter part of July he left, didn't he?" To this question defendant objected assigning specific grounds. The court overruled the objection, and witness answered: "I don't remember what time it was. I don't remember nothing about it." The evidence of the state tended to show that Tom Bannister was caught at the still with the defendant. No injury could result to the defendant from the answer of the witness, and there was no error in admitting it.

[4] The appellant's counsel insists that the court should have given the affirmative charge in his favor. There was a conflict in the evidence, and there was ample evidence on behalf of the state to sustain the conviction. The affirmative charge was properly refused.

[5, 6] The defendant made a motion for a new trial and assigned, among other grounds, that the defendant was deprived of a public trial. The following was dictated by the court as the agreed statement of facts relative to this question:

"On this motion it is agreed that after the trial was entered upon and something like halfway through, people were coming in and leaving the courtroom and making a noise, and the court ordered the sheriff to lock the outside door, which the sheriff did. At the time this was done there was about 200 people in the courtroom, nearly all of whom remained through the trial; occasionally, however, during the balance of the trial after the door was locked the sheriff opened the door to let persons in and out of the courtroom. No objection was made by the defendant at the time, and none raised till the filing of this motion on this day. The courthouse was not uncomfortably filled when this happened, but had been extremely full all day prior to that time."

Counsel insists that the appellant was denied his constitutional right to have a public trial. Constitution of 1901, § 6.

It was not necessary for the defendant to raise this question at the time of the trial by objection to the order of the court or otherwise. Wade v. State, 207 Ala. 1, 92 South. 101; Ex parte Wade, etc., 207 Ala. 241, 92 South. 104.

. It is evident that the court was annoyed by the 'noise of people passing in and out of the courtroom during the progress of the trial, and that this brought about the order to the sheriff to "lock the outside door." It is shown that at this time "there were about 200 people in the courtroom, nearly all of whom remained throughout the trial, and that occasionally the sheriff opened the door to let persons in and out of the courtroom, and that the courtroom was not uncomfortably filled when this happened, but had been extremely full all day prior to this 'time." Where the noise of the people going in and out of the courtroom interfered with the orderly progress of the trial and where the courtroom was crowded, an order could be made keeping the crowd within reasonable bounds by forbidding the entrance of others.

The trial court may in its discretion regulate the attendance to such numbers of people as may conveniently and comfortably get into the courtroom without interfering with the proceedings of the court., Wade v. State, ·supra.

In the instant case there were sufficient attendants or spectators present to render the trial a public one within the requirement of section 6 of the Constitution.

The court did not err in refusing the motion for a new trial.

There is no error in the record, and the judgment of the circuit court is affirmed.

Affirmed.