**7. Intoxicating liquors ⬤═239(2)—Charge on attempt to manufacture whisky held properly refused as abstract.**

Charge on attempt to manufacture whisky *held* properly refused as abstract, in view of evidence that warm whisky was found at still and that defendant was engaged in manufacturing whisky.

**8. Criminal law ⬤═813 — Abstract charges properly refused though stating correct legal propositions.**

Abstract charges are properly refused, though stating correct legal propositions.

**9. Criminal law ⬤═829(1)—Charge substantially covered by charges given properly refused.**

Charge substantially covered by charge given and court's oral charge is properly refused.

**10. Intoxicating liquors ⬤═236(19)—Conviction of manufacturing held justified by evidence.**

Evidence *held* sufficient to justify conviction of manufacturing prohibited liquors.

**11. Criminal law ⬤═1042—Objection that minute entry of judgment does not show that jury properly sworn cannot be first raised on appeal.**

Under Code 1907, § 7274, defendant cannot object for first time on appeal that minute entry of judgment does not show that jury was sworn according to law.

Appeal from Circuit Court, Chilton County; George F. Smoot, Judge.

Millard Ratliff was convicted of violating the prohibition law, and he appeals. Affirmed.

Certiorari denied by the Supreme Court in Ex parte Ratliff, 212 Ala. 644, 103 So. 914.

These charges were refused to defendant:

"(1) Before the jury can convict the defendant, they must be satisfied to a moral certainty, not only that the proof is consistent with the defendant's guilt, but that it is wholly inconsistent with every other rational conclusion, and, unless the jury are so convinced by the evidence of the defendant's guilt that they would each venture to act on that decision in matters of highest concern and importance to his own interest, then they must find the defendant not guilty."

"(4) The humane provision of the law is that upon circumstantial evidence there could not be a conviction unless to a moral certainty it excludes every other reasonable hypothesis than that of the guilt of the accused. No matter how strong may be the circumstances, if they can be reconciled with the theory that some other person may have done the act, then the guilt of the accused is not shown by that full measure of proof the law requires."

"(B) The court charges the jury that, if the jury believes from the evidence in this case that the defendant attempted to make whisky, you may find him guilty of such attempt and assess a fine against him of not less than fifty dollars nor more than five hundred dollars."

Reynolds & Reynolds, of Clanton, for appellant.

An indictment, though using the language of the statute, must charge the essential facts constituting the crime. Batre v. State, 18 Ala. 119; Turnipseed v. State, 6 Ala. 664; Worrell v. State, 12 Ala. 732; Williams v. State, 15 Ala. 260. Defendant's requested charges were erroneously refused. (4) Pickens v. State, 115 Ala. 42, 22 So. 551; Hobdy v. State, ante, p. 44, 100 So. 571. (B) Mote v. State, 17 Ala. App. 526, 87 So. 628; McDowell v. State, 19 Ala. App. 532, 98 So. 701. The judgment entry is not sufficient to sustain a conviction. Storey v. State, 71 Ala. 329; Walker v. State, 72 Ala. 218; Johnson v. State, 47 Ala. 9; Allen v. State, 71 Ala. 5; Lacey v. State, 58 Ala. 385.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

[5] Charge 4 refused to defendant was abstract as to count 2, and properly refused. The evidence in the instant case was positive and direct, as well as circumstantial, that the defendant was operating the still and exercising control over it.

[6] Refused charge A was the affirmative charge for the defendant as to count 2, and was properly refused, as there was ample evidence if believed by the jury beyond a reasonable doubt to justify a conviction of the possession of a still.

[7] Charge B was properly refused as abstract. If the jury believed the evidence beyond a reasonable doubt the defendant was guilty of making whisky, and not merely of an attempt to manufacture it. There was evidence that about five gallons of warm whisky was found at the still, and the defendant was engaged in the manufacture of whisky.

[8] Charges D and F state a correct proposition of law, but were abstract.

[9] Charge H is substantially covered by given charge G, and by the oral charge of the court.

[10] Charge I was the affirmative charge for the defendant as to the first count, and was properly refused. There was a conflict in the evidence, but there was ample evidence to justify a conviction.

Charge J was misleading and properly refused.

[11] The judgment entry recited:

"Issue being joined in this cause upon the defendant's plea of not guilty, thereupon comes a jury of good and lawful men, to wit, Joe E. Lett, foreman, and eleven others who upon their oaths say, 'We, the jury, find the defendant guilty as charged in the indictment.'"

It is contended by the appellant that the minute entry does not show that the jury was sworn according to law.

Section 7274 of the Code of 1907 reads as follows:

"No criminal case taken by appeal to the Supreme Court shall be reversed because of any defect in the administration of the oath to any grand or petit jury, unless the record in the cause discloses the fact that some objection was taken in the court below, during the progress of the trial, based on such defect; but this rule shall not apply to cases where it appears affirmatively from the record that the appellant did not have the benefit of counsel on his trial in the court, from which the appeal was taken."

(102 So. 785)

## ALDRIDGE v. STATE.   (5 Div. 532.)

(Court of Appeals of Alabama.   Jan. 20, 1925.)

1. **Intoxicating liquors** ⬅➡209 — **Indictment charging defendant with possession of still held sufficient.**

Indictment, in prosecution for possession of a still, charging defendant with having in his possession a still, apparatus, appliance, device, or substitute therefor, to be used to manufacture alcoholic, spirituous or malt liquors contrary to law, *held* sufficient.

2. **Criminal law** ⬅➡170 — **Finding and return of indictment does not constitute former jeopardy.**

Finding and return of an indictment does not constitute former jeopardy.

---

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. Criminal law ⬦363—Facts and circumstances and conversation at still held admissible as res gestæ.**

In prosecution for possessing a still, all facts and circumstances, conversations at still, at time of possession and related thereto, were a part of res gestæ and admissible.

**4. Criminal law ⬦814(17) — Charge held properly refused where defendant's conviction did not rest on circumstantial evidence.**

In prosecution for possession of a still, charge that defendant could not be convicted unless his guilt was proved to a moral certainty, excluding every other reasonable hypothesis, was properly refused, where conviction did not rest on circumstantial evidence.

**5. Criminal law ⬦829(1)—Refusal of requested charges covered by court's charge held not erroneous.**

Refusal of charges which, in so far as they stated correct propositions of law, were fairly and fully covered by court's oral charge was not erroneous.

Appeal from Circuit Court, Chilton County; George F. Smoot, Judge.

Jim Aldridge was convicted of possessing a still, and he appeals. Affirmed.

The indictment is as follows:

"The grand jury of said county charge that before the finding of this indictment Jim Aldridge did possess or have in his possession, a still, apparatus, appliance, device, or substitute therefor, to be used for the purpose of manufacturing alcoholic, spirituous, or malt liquors contrary to law, against the peace and dignity of the state of Alabama."

Refused charge L is as follows:

"L. I charge you, gentlemen of the jury, that the humane provision of the law is that there should not be a conviction upon the evidence, unless to a moral certainty it excludes every other reasonable hypothesis than that of the guilt of the accused. No matter how strong may be the facts, if they can be reconciled with the theory that some other person may have done the acts, then the guilt of the accused is not shown by that full measure of proof which the law requires, and you should find the defendant not guilty."

Saxon & Pitts, of Clanton, for appellant.

The indictment is insufficient. Abrahams v. State, 18 Ala. App. 252, 89 So. 854; Dix v. State, 8 Ala. App. 338, 62 So. 1007; McReynolds v. State, 18 Ala. App. 173, 89 So. 825. Charge L should have been given. Gay v. State, 19 Ala. App. 238, 96 So. 646; Tatum v. State, ante, p. 24, 100 So. 569; Price v. State, ante, p. 201, 101 So. 300.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. [1] The indictment is in the usual form, charging the defendant with having in his possession a still, apparatus, appliance, device, or substitute therefor, to be used for the purpose of manufacturing alcoholic, spirituous, or malt liquors, contrary to law. There was demurrer to the indictment on several grounds, but we have so often held similar indictments to be sufficient as not here to require discussion. Taylor v. State, 17 Ala. App. 579, 88 So. 205; Barnes v. State, 18 Ala. App. 344, 92 So. 15.

[2] The finding and return of an indictment does not constitute former jeopardy, and, hence, the defendant's motion to quash the indictment was properly overruled, and the state's demurrer to the plea setting up the fact of the return of an indictment was properly sustained.

[3] All of the facts and circumstances, conversations at the still, at the time of the possession and related thereto, were a part of the res gestæ and admissible in evidence. The court so ruled without error.

[4] Charge L is never a good charge, unless predicated on circumstantial evidence. McKenzie v. State, 19 Ala. App. 319, 97 So. 155.

[5] The other refused charges, where they stated correct propositions of law, were fairly and fully covered by the court in his oral charge to the jury.

We find no error in the record, and the judgment is affirmed.

Affirmed.