193 So. 193

## RUTHERFORD et al. v. STATE.

### 8 Div. 928.

Court of Appeals of Alabama.

Nov. 28, 1939.

Rehearing Denied Jan. 9, 1940.

Jas. E. Smith, Jr., of Tuscombia, for appellants.

Thos. S. Lawson., Atty. Gen., and Willard McCall, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The indictment charged these two appellants, (1) with distilling, making or manufacturing, alcoholic, spirituous, or malt liquor, a part of which was alcohol, contrary to law. (2) In the second count, with having had in their possession a still apparatus, appliance, or a device, or substitute therefor, to be used for the purpose of manufacturing alcoholic, spirituous, malted or other prohibited liquors or beverages, contrary to law, etc.

Upon arraignment, at the April 1939 term of said court, the defendants in answer to the indictment and before pleading thereto, interposed demurrers predicated upon several separate and distinct grounds. The demurrer was overruled, and this action of the court is relied upon to effect a reversal of the judgment of conviction from which this appeal was taken.

The two counts of the indictment were sufficient in form and substance, and each count charged the commission of felony. If appellants contend that the two offenses charged were not susceptible of joint commission such contention cannot be sustained. There was no error in the action of the court in overruling the demurrers. Indictments of like form and substance have met the approval of the appellate courts of this State in innumerable decisions, a few of which are properly cited in the brief of the Attorney General filed in this case. Towit: Watkins v. State, 20 Ala.App. 246, 101 So. 334; Reese v. State, 18 Ala.App. 357, 92 So. 77, certiorari denied 207 Ala. 714, 715, 92 So. 921; Floyd v. State, 18 Ala.App. 647, 94 So. 192; Ryland v. State, 18 Ala.App. 481, 93 So. 213.

The appeal here is upon the record proper, there is no bill of exceptions. In the absence of a bill of exceptions the refusal of the court to give special written charges is not reviewable.

The record in this case is regular in all respects. There being no error apparent thereon, the judgment of conviction in the lower court will stand affirmed.

Affirmed.

On Rehearing.

BRICKEN, Presiding Judge.

The insistences of appellant on rehearing are not in line with the following authorities: Love v. State, 22 Ala.App. 392, 117 So. 396; Ex parte State ex rel, etc., 207 Ala. 585, 93 So. 382; Black v. State, 205 Ala. 277, 87 So. 527; Lee v. State, 18 Ala. App. 566, 93 So. 59.

Application for rehearing overruled.